Melba Sue **OVERSTREET**, Appellant,

v.

**HOME INDEMNITY CO.**, Appellee.

No. 05–82–00685–CV.

Court of Appeals of Texas, Dallas.

April 2, 1984.

Rehearing Denied May 2, 1984.

John B. Wilson, Dallas, for appellant.

E. Thomas Bishop, P. Michael Jung, Royal H. Brin, Jr., Dallas, for appellee.

Before CARVER, ALLEN and SHUMPERT, JJ.

SHUMPERT, Justice.

We grant the appellees' second motion for rehearing, withdraw our opinion of February 1, 1984, and the following is now our opinion.

Melba Sue Overstreet appeals from a summary judgment granted in favor of Home Indemnity Co., in her suit to set aside a decision of the Industrial Accident Board. Overstreet contends that the trial judge erred in granting the summary judgment because there were genuine issues of material facts that precluded Home from establishing its right to judgment as a matter of law under the theory of election of remedies, estoppel, ratification, or waiver. She also contends that the trial court abused its discretion by not allowing her untimely filed answers to Home's requests for admissions. We uphold the summary judgment based on the election of remedies

doctrine, disagree that the trial judge abused his discretion by not allowing her untimely filed answers, and therefore, affirm the trial court's judgment.

Overstreet worked for Safeway Stores, Inc., at one of its produce warehouses. Her duties included lifting and stacking heavy bags and cartons of produce. On April 13, 1979, she began experiencing severe back pain and a feeling that "something was coming out of her insides." Three days later, she consulted her doctor who diagnosed her problem as uterine prolapse with cystourethrocele, told her that her injury was work-related, and recommended a hysterectomy. Overstreet then filed an insurance claim with the group insurance carrier stating that her injury was not work related. Later, while in the hospital, she decided that the claim should have been filed under the workers' compensation policy, and she filed a claim with Home for workers' compensation benefits. Overstreet also filed a claim with the Industrial Accident Board. The Board denied her claim, and she filed suit in the district court contesting that decision. Home filed a motion for summary judgment in the case and the motion was granted.

■ Under TEX.R.CIV.P. 166–A, the party moving for summary judgment has the burden of establishing that no material fact issue exists and that movant is entitled to judgment as a matter of law. Home is the defendant in this suit and based its summary judgment motion on affirmative defenses to Overstreet's claims. When a defendant moves for summary judgment on the basis of an affirmative defense, he must conclusively prove all elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). Home, therefore, had to show, as a matter of law, that Overstreet made an election of remedies, or was precluded from pursuing her claim because of the doctrine of waiver, estoppel, or ratification.

■ Initially, Home claims it is entitled to summary judgment based on the affirmative defense of election of remedies. Al-

though Home refers to this species of estoppel as an election of remedies, by definition it is not an election of remedies but rather a species of estoppel first announced by the supreme court in *Lomas & Nettleton v. Huckabee*, 558 S.W.2d 863 (Tex. 1977). *See Metroflight v. Shaffer*, 581 S.W.2d 704, 707 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Under the *Huckabee* doctrine, the inconsistency lies not in the remedy or in the right, as under an election of remedies, but rather upon the allegation of inconsistent facts upon which both right and remedy depend. This doctrine was expanded by the supreme court in *Bocanegra v. Aetna Life Insurance Co.*, 605 S.W.2d 848 (Tex.1980),[1] applied to instances in which only one law suit has been filed, and is a bar to relief when (1) one successfully exercises an *informed* choice (2) between two or more remedies, rights, or states of facts (3) which are so inconsistent that (4) to allow assertion of both would constitute manifest injustice. (emphasis added). *Bocanegra*, 605 S.W.2d at 848. One's choice between inconsistent facts does not amount to an estoppel which will bar further action unless the choice is made with a full and clear understanding of the *problem, facts*, and *remedies* essential to an intelligent choice. (emphasis added). *Bocanegra*, 605 S.W.2d at 852. An exception to that rule exists when the choice of a course of action, though made in ignorance of the facts, will cause harm to an innocent party. *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377, 379 (1945).

▮ The summary judgment evidence relied upon by Home consists of a set of admissions deemed admitted under TEX.R. CIV.P. 169. Admissions deemed admitted are competent summary judgment evidence. *Elkins v. Jones*, 613 S.W.2d 533 (Tex.Civ.App.—Austin 1981, no writ). A party may not introduce evidence which contradicts a judicial admission; therefore, deposition evidence introduced by Overstreet, which contradicts the relied upon admissions, is incompetent. *American Title Co. v. Smith*, 445 S.W.2d 807, 809 (Tex. Civ.App.—Houston [1st Dist.] 1969, no writ); *White v. Allstate Insurance Co.*, 386 S.W.2d 601, 605 (Tex.Civ.App.—Beaumont 1964, writ ref'd n.r.e.).

▮ The crucial admissions introduced as summary judgment evidence by Home are as follows:

5. On April 16, 1979, Plaintiff consulted Dr. Harvey Johnson, a gynecologist, in connection with the pain and problems with her female organs.

6. On April 16, 1979, Plaintiff presented her complaints to Dr. Harvey Johnson and was examined by Dr. Johnson.

7. On April 16, 1979, Plaintiff was informed by Dr. Harvey Johnson that her condition and the problems she was having were related to her employment.

11. Plaintiff informed the Safeway personnel [when she went to request insurance forms] that Dr. Johnson had related Plaintiff's condition to her work at Safeway.

15. Plaintiff does not know why she chose to file her claim under Safeway's group medical and disability insurance plan.

16. Prior to April 13, 1979, Plaintiff had filed for benefits under both Safeway's group medical and disability insurance plan, and Safeway's workers' compensation insurance plan.

22. On the occasion when Plaintiff requested insurance forms ... Plaintiff was informed by Safeway personnel that her claims for benefits could not be presented under both the Safeway group medical and disability insurance plan and the Safeway workers' compensation insurance plan.

We hold that these admissions establish Home's right, as a matter of law, to sum-

---

1. The supreme court has chosen to call this doctrine election of remedies, which it is not, although it is a species of estoppel. *See Metroflight*, 581 S.W.2d at 707–10.

mary judgment based on the affirmative defense known as election of remedies. These admissions establish that Overstreet made an informed choice, to rely upon the set of facts that her injury was not work-related, with a full and clear understanding of her problem, the facts, and the potential remedies available to her. *Bocanegra*, 605 S.W.2d at 852. We hold, therefore, that under the *Huckabee* doctrine of estoppel, entitled election of remedies and extended in *Bocanegra*, Overstreet is estopped from recovering under the theory that her injury was work-related because that assertion is inconsistent with her prior assertion that the injury was non work-related, and because she was "informed" under the *Bocanegra* test when she filed the first claim.

This case is factually distinguishable from *Bocanegra* because the admissions establish that Overstreet was informed with certainty that her injury was work-related whereas Bocanegra's doctor told her that she *"might* have hurt her back at work." 605 S.W.2d at 849 (emphasis added). Further, the admissions state that Overstreet had previously filed claims under both insurance policies, a fact not present in *Bocanegra*. Because we have affirmed the summary judgment on the election of remedies theory, we need not address Overstreet's points of error dealing with estoppel, waiver or ratification.

Overstreet next contends that the trial judge abused his discretion by not accepting her answers to defendant's requests for admissions filed two days late. In this respect, Overstreet argues that "the court had established a pattern of permitting amendments, late filings, and the like," and that, therefore, it was an abuse not to accept these untimely filed answers. TEX. R.CIV.P. 169 provides:

> Each of the matters of which an admission is requested *shall* be deemed admitted unless, within a period designated in the request, not less that ten days after delivery thereof or within such further time as the court may allow on motions and notice, the party to whom the request is directed, delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail reasons why he cannot either truthfully admit or deny those matters. (Emphasis added)

■ As we read the rule, admissions shall be deemed admitted if they are not answered within the time stated in the request or within the time granted in a motion for additional time to file answers. Here, the time to answer expired on February 1, 1982. When no answer or motion for additional time was filed by that day, the admissions were automatically deemed admitted under Rule 169. *Packer v. First Texas Savings Association of Dallas*, 567 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). Further, under Rule 169, no motion need be filed requesting that the admissions be deemed admitted. *Elkins v. Jones*, 613 S.W.2d 533 (Tex.Civ.App.—Austin 1981, no writ).[2]

■ We recognize that there will occasionally be extenuating circumstances in which neither answers nor a motion for additional time can be filed before the deadline stated in the request for admissions. Once the time period on the request has lapsed, it is the answeree's burden to file a motion showing a good reason why the requests already deemed admitted as a matter of law should be stricken and additional time given to answer. Here, the admissions were due on February 1, 1982, answers were filed on February 3, 1982, and the motion to enlarge the time was filed on February 12, 1982, stating that Overstreet would show that she had "good cause" for why the answers were filed late. The trial judge held a hearing and denied Overstreet's motion. We find no abuse of discretion and are not persuaded by Overstreet's contention that the judge abused his discretion in refusing the late answer because "the court had established a pattern of permitting amendments, late fil-

**2.** This has been made explicit in revised TEX.R. CIV.P. 169, effective April 1, 1984.

ings, and the like." Overstreet's contention is overruled.

The judgment is affirmed.