Melba Sue OVERSTREET, Petitioner,

v.

The HOME INDEMNITY
COMPANY, Respondent.

No. C–3126.

Supreme Court of Texas.

Oct. 17, 1984.

Rehearing Denied Nov. 21, 1984.

Wilson, Williams & Molberg, John B. Wilson, Dallas, for petitioner.

Strasburger & Price, Royal H. Brin, Jr., E. Thomas Bishop and P. Michael Jung, Dallas, for respondent.

PER CURIAM.

This is a suit to set aside a decision of the Industrial Accident Board. The trial court granted summary judgment for the Home Indemnity Company, the Workers' Compensation carrier, on the grounds of waiver, estoppel, ratification and election. The court of appeals affirmed the judgment on the ground of election, basing its holding on a set of requests deemed admitted under Tex.R.Civ.P. 169. 669 S.W.2d 825. The remaining points were not reached.

To obtain summary judgment, each element of a claim or defense must be conclusively proved. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). This was not done. A majority of this court is of the opinion that the admissions do not establish as a matter of law that Melba Sue Overstreet made an "informed" election under the rule of *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848 (Tex.1980), by filing a claim under her employer's group insurance policy before seeking Workers' Compensation benefits.

We therefore grant the application for writ of error and without hearing oral argument reverse and remand this cause to the court of appeals for consideration of the remaining points of error. Tex.R. Civ.P. 483, 503.

GONZALEZ, J., not sitting.