**Melba Sue OVERSTREET, Appellant,**

v.

**The HOME INDEMNITY
COMPANY, Appellee.**

**No. 05–82–00685–CV.**

Court of Appeals of Texas,
Dallas.

July 8, 1985.

Rehearing Denied Aug. 8, 1985.

John B. Wilson, Dallas, for appellant.

Royal H. Brin, Jr., Dallas, for appellee.

Before CARVER, ALLEN and MALONEY, JJ.

CARVER, Justice.

This court's opinion on the initial appeal appears as *Overstreet v. Home Indemnity Co.,* 669 S.W.2d 825 (Tex.App.—Dallas 1984). The opinion of the supreme court on review appears as *Overstreet v. Home Indemnity Co.,* 678 S.W.2d 916 (Tex.1984), which remands this cause for our further consideration. In obedience to the remand, we reverse the summary judgment in favor of Home.

The trial court precluded Overstreet's prosecution of her compensation claim upon *work-related* injuries because she had

claimed and collected benefits from another insurance policy saying that her injuries were *not work-related.* We remand the cause for trial of whether Overstreet's injuries were, or were not, work-related. Should it be determined that Overstreet's injuries were work-related, then any recovery by her shall be first for the use and benefit of The Lincoln National Life Insurance Company, the group medical and disability insurance carrier for Safeway Stores, Inc., in full restitution of payments made to, or for the benefit of, Overstreet for medical services and disability.

The facts, as found in the summary judgment proof, are fully recited in the prior opinions. Overstreet complained in the court of appeals that Home failed to establish its defenses of "waiver," "estoppel", "ratification," or "election" by its summary judgment proof. The court of appeals affirmed on the "election" theory. The supreme court reversed, holding that the "election" defense was *not* established, and remanded for this Court to test whether Home's summary judgment proof established Home's additional theories of "waiver," "estoppel," or "ratification."

These several theories urged by Home were defined and discussed in *Bocanegra v. Aetna Life Insurance Co.,* 605 S.W.2d 848, 850–51 (Tex.1980):

> A judicial estoppel may arise when a question necessary for the determination of a prior adjudication is decided. It constitutes a bar to a redetermination of that issue in a different cause. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361 (Tex.1971); *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292 (1956); *Houston Terminal Land Co. v. Westergreen,* 119 Tex. 204, 27 S.W.2d 526 (1930). Equitable estoppel differs from each of the above defenses, because it requires some deception that is practiced upon a party who relies upon it to his prejudice. *Barfield v. Howard M. Smith Co. of Amarillo,* 426 S.W.2d 834 (Tex.1968); *Concord Oil Co. v. Alco Oil and Gas Corp.,* 387 S.W.2d 635 (Tex.1965); *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929

(1952). A ratification rests upon a manifestation of assent to confirm one's prior act or that of another. It may occur without any prior litigation and in the absence of any change of position by or prejudice to the other party. *Texas & Pac. Coal & Oil Co. v. Kirtley,* 288 S.W. 619 (Tex.Civ.App.—Eastland 1926, writ ref'd). Waiver, the voluntary relinquishment of a known right, is sometimes spoken of as intentional conduct inconsistent with the assertion of a known right. *Ford v. State Farm Mut. Auto Ins. Co.,* 550 S.W.2d 663, 667 (Tex.1977).

However, the court in *Bocanegra* also held that these theories are but variations of a broader doctrine, the "doctrine of election." 605 S.W.2d at 850–51. The court stated:

> The court of civil appeals in this case has, perhaps more soundly, held that inconsistency will bar an action in instances of manifest injustice. Even though the inconsistent position may not fit the mold of a better defined principle, an election will bar recovery when the inconsistency in the assertion of a remedy, right, or state of facts is so unconscionable, dishonest, contrary to fair dealing, or so stultifies the legal process or trifles with justice or the courts as to be manifestly unjust.

*Bocanegra,* 605 S.W.2d 850–51.

We are unable to conclude under this record that the more narrow defenses of Home, labeled "waiver", "estoppel", or "ratification," are established by the summary judgment record when the supreme court has already determined that the broader defense of "election" was not established. Nevertheless, Overstreet may not be permitted to enjoy "double redress," *Bocanegra,* 605 S.W.2d at 851, nor may either the group medical carrier or the compensation carrier be permitted to suffer "manifest injustice." *Bocanegra,* 605 S.W.2d at 851. "Equity and good conscience need to reach," *Bocanegra,* 605 S.W.2d at 850, into these circumstances, and fashion a remedy that neither denies Overstreet a judicial determination of whether her injuries were, or were not,

work-related, nor denies the respective carriers their right to pay, or to recover prior payment, consistent with the jury's verdict. Such a remedy was suggested in *Metroflight Inc. v. Shaffer,* 581 S.W.2d 704, 708 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.):

> Due to the uncertainty of litigation, we recognize the force of the argument that a party asserting inconsistent factual positions with respect to different parties should be permitted to effect a compromise of one of his claims, pursue the other to the extent of the difference, and then permit the settling defendant to be subrogated to the extent paid plaintiff.

The author of *Metroflight*[1] deemed that his more equitable solution was not permitted and that the harsher remedy of preclusion was mandated by *Lomas and Nettleton Co. v. Huckabee,* 558 S.W.2d 863 (Tex. 1977). We perceive *Bocanegra* to allay the harshness of *Huckabee* in that an equitable remedy that satisfies "equity and good conscience" and avoids a "manifest injustice" to any party is still to be sought rather than to apply "preclusion" automatically.

■ Consequently, we hold that Overstreet, being unable to know whether her injuries were work-related or not short of a jury verdict, was not precluded from suing the compensation carrier merely because she claimed and was paid group medical benefits as if her injuries were not work-related. Further, we hold that if Overstreet's injuries are found to be work-related, restitution is necessary because the group medical carrier paid the benefits, and Overstreet collected them, in good faith but erroneously. To assure restitution, Overstreet's recovery from the compensation carrier, if any, shall be first for the use and benefit of The Lincoln National Life Insurance Company to the extent of all medical services and disability paid to or for the benefit of Overstreet.

■ Since the costs in the trial court and the costs in the appellate courts may be fairly said to have been incurred as much by Overstreet's insistence upon "double redress" as by Home's insistence upon "preclusion," we assess all costs in the trial and appellate courts through our mandate one-half to each party.

---

1. *Metroflight* was authored by Justice Akin, joined by Chief Justice Guittard and Justice Robertson, now Justice Robertson of the Supreme Court.