**UNITED STATES FIRE INSURANCE COMPANY, Appellant,**

v.

**Bobby R. PETTYJOHN, Appellee.**

**No. 2–90–156–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 9, 1991.

Milner & Walters, P.C., Gary A. Walters, and S. Camille Milner, Denton, for appellee.

Fillmore & Harrington, Veronica M. Carmona and Patrick Gallagher, Fort Worth, for appellant.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

United States Fire Insurance Company appeals from a judgment in favor of Bobby R. Pettyjohn for workers' compensation benefits. In seven points of error, U.S. Fire contends that the trial court erred: (1) by disregarding certain jury findings and awarding judgment to Pettyjohn; (2) by granting Pettyjohn's motion for leave to supplement interrogatories; (3) by allowing certain witnesses to testify; and (4) by permitting Pettyjohn's attorney to conduct improper voir dire examination. In a cross-point of error, Pettyjohn asserts that the trial court erred by entering judgment in his favor for 367 weeks of benefits with the first payment beginning the first Friday after the date of judgment because the court failed to award accrued weekly benefits from the date of total and permanent incapacity to the date of judgment.

We affirm because we hold that: (1) there was no evidence that Pettyjohn made an election when he accepted health benefits; (2) U.S. Fire's verified denial of the wage rate filed just prior to trial constituted good cause for the supplementation of Pettyjohn's interrogatories; (3) we cannot hold that the trial court abused its discre-

tion in allowing testimony concerning two doctors' opinions on the basis of Pettyjohn's alleged failure to provide their opinions to U.S. Fire in response to interrogatories where, in response to those interrogatories, Pettyjohn made reference to medical narrative reports attached to his responses to U.S. Fire's request for production and our record does not contain the reports Pettyjohn produced; (4) any error of Pettyjohn's attorney on voir dire was not such an error as was reasonably calculated to cause and probably did cause an improper judgment; and (5) any error in the judgment as to the payment of benefits was induced by Pettyjohn because the judgment signed by the court was submitted to the court by Pettyjohn.

U.S. Fire argues in points of error numbers one, two, and three that the trial court erred by disregarding the jury's findings that Pettyjohn, by making a claim for and receiving certain health insurance benefits, made an election.

■ A jury's answer to a question may be disregarded only when it has no support in the evidence or when the issue is immaterial. *C & R Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966); TEX. R.CIV.P. 301.

■ The election of remedies doctrine "may constitute a bar to relief when (1) one successfully exercises an informed choice (2) between two or more remedies, rights, or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice." *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex.1980). The term "election" in the jury's question was defined in a manner consistent with *Bocanegra*. The question was therefore material. We next consider whether there is evidence to support the jury's finding.

■ On June 26, 1987, Pettyjohn was injured in an automobile accident while working for Dye Corporation. He testified that when the accident occurred he experienced a headache, that his neck and shoulder were hurting, and that his right leg felt funny. He said that his leg and hip started hurting at the time of the accident and progressively worsened until the time of trial.

After the accident, Pettyjohn went to work for the Alvord Independent School District as a maintenance man and school bus driver from July 21, 1987, until March 1, 1988. In January, 1988, Pettyjohn filled out a report in his doctor's office concerning the accident. In the report he checked a blank describing the accident as an automobile collision, but did not check a blank describing the accident as an on-the-job injury. He related the following symptoms he had had since the accident: headache, stiffness in his neck, and pain in his neck, back, and right leg. Also in January, when seeking treatment from Dr. Ronald Rupert, a chiropractor, Pettyjohn stated on a form that he would be responsible for the account. He listed his health insurance carrier as the name of his insurance company. Health insurance claim forms signed by Pettyjohn seeking health insurance benefits for the services of Dr. Rupert and the Magnetic Resonance Center represent that his condition was not related to his employment. Pettyjohn acknowledged in his testimony that he had represented that his injury was not work related.

Dr. Rupert testified that he filed claims with Pettyjohn's health insurance carrier and received payment from them for the services he rendered to Pettyjohn.

The jury question included an instruction that an "election" occurs when one successfully exercises an informed choice between two or more remedies which are so inconsistent as to constitute manifest injustice. The term "informed choice" was defined as a choice made with a full and clear understanding of the problem, facts and remedies essential to the exercise of an informed intelligent choice.

There is no evidence that Pettyjohn knew that his injury was work-related at the time he completed his health insurance forms or that he understood that he was foregoing the right to workers' compensation benefits by receiving health insurance benefits.

We hold that there is no evidence to support the jury's answer that Pettyjohn

made an election when he accepted health insurance benefits.

U.S. Fire contends that the evidence that Pettyjohn's injuries stemmed from the June 1987 accident while Pettyjohn stated on his health insurance forms that the injuries were not work related is sufficient evidence to support the jury's finding of election. We hold that the evidence does not support an election because there is no evidence that Pettyjohn took those actions knowing the effect, that is that he weighed the advantages of choosing health insurance over workers' compensation, and then chose health insurance benefits.

U.S. Fire relies in part on our opinion in *Smith v. Home Indemnity Company*, 683 S.W.2d 559 (Tex.App.—Fort Worth 1985, no writ). However, in *Smith*, admissions deemed admitted proved that Smith, who was seeking workers' compensation, knew at the time that he had previously applied for group insurance benefits that those benefits were for non-work-related injuries and that his employer's worker compensation insurance was for job-related injuries. This court held that the admissions constituted sufficient summary judgment evidence to support a summary judgment in favor of his employer's workers' compensation carrier. In this case, there is no evidence that Pettyjohn had such knowledge.

There being no evidence that Pettyjohn's choice was an informed choice, we overrule points of error numbers one, two, and three.

■ U.S. Fire complains in points of error numbers four and five that the trial court erred in allowing Pettyjohn to supplement interrogatories on the first day of trial to show that Walter Jerry Wilcoxen was a person who had knowledge of relevant facts. U.S. Fire contends that Pettyjohn did not show good cause for his failure to supplement, and that when he did supplement he called the witness Walter Wilcoxen and did not give his telephone number.

Rule 166b(6)(b) of the Texas Rules of Civil Procedure requires that a party must supplement its list of experts as soon as practical, but in no event less than thirty days prior to the beginning of trial except on leave of court. The sanction for failing to supplement is that the witness's testimony is automatically excluded, unless the trial court finds that the party offering the testimony shows good cause for its failure to supplement. TEX.R.CIV.P. 215(5).

Wilcoxen testified for Pettyjohn on the subject of Pettyjohn's wage rate. The trial began on December 11, 1989. U.S. Fire first put Pettyjohn's wage rate at issue by filing a verified denial of the wage rate on November 30, 1989. Prior to that time, the wage rate pled by Pettyjohn would have been sufficient to satisfy his burden as to wage rate, and no witness would have been necessary. We find that the belated denial of the wage rate constituted good cause for Pettyjohn to supplement the answers to his interrogatories. U.S. Fire does not contend that it made any objection to the witness's testimony due to the incorrect name or the lack of a telephone number. We overrule points of error numbers four and five.

U.S. Fire argues in point of error number six that the trial court erred by allowing Dr. Phillip Williams and Dr. Ronald Rupert to give their opinions, contending that the doctors' mental impressions and opinions were not provided to it as requested by interrogatories. In answer to the interrogatory in question, Pettyjohn listed the names of both doctors and referred U.S. Fire to medical narrative reports attached to his responses to U.S. Fire's request for production of documents for information as to their opinions. Our record on this appeal does not include Pettyjohn's responses to U.S. Fire's request for production of documents. Consequently, we are unable to determine that Pettyjohn failed to disclose the information and, therefore, are unable to determine that the trial court abused its discretion by allowing the doctors to give their opinions. We overrule point of error number six.

■ U.S. Fire insists in point of error number seven that the trial court erred by overruling its objection to the conduct of Pettyjohn's attorney during voir dire. Its complaint relates to the use by Pettyjohn's attorney during voir dire of hypotheticals in attempting to explain the meaning of the expected definition of "total incapacity."

We hold that in view of the entire record that any error in overruling U.S. Fire's objection to the voir dire examination was not such an error as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX. R.APP.P. 81(b)(1). We overrule point of error number seven.

 Pettyjohn contends in a cross-point of error that the trial court erred in entering judgment for 367 weeks of workers' compensation benefits with the first payment beginning the first Friday after the date of the judgment because the trial court failed to award accrued weekly benefits from the date of total and permanent incapacity to the date of judgment pursuant to TEX.REV.CIV.STAT.ANN. arts. 8306 sec. 6 and art. 8306a (Vernon 1967), repealed by Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, secs. 16.01(7)–(8), 1989 Tex. Gen.Laws 1, 114. Because the judgment signed is that tendered by Pettyjohn, he may not make complaint of it on appeal since a party will not be allowed to complain on appeal of an action or ruling which he invited or induced. *See DeLee v. Allied Finance Company of Dallas*, 408 S.W.2d 245, 247 (Tex.Civ.App.—Dallas 1966, no writ) and *Travelers Insurance Company v. Williams*, 603 S.W.2d 258, 262 (Tex.Civ. App.—Corpus Christi 1980, no writ). We overrule Pettyjohn's cross-point of error.

The judgment is affirmed.