William O. TOWNSEND, Appellant,

v.

EMPLOYERS MUTUAL CASUALTY COMPANY, Appellee.

No. 2–91–013–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1991.

Roger M. Tafel, Fort Worth, for appellant.

Strasburger & Price, Mark M. Donheiser, Dallas, for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

In this worker's compensation case, appellant, William O. Townsend, appeals from a summary judgment in favor of the carrier, Employers Mutual Casualty Company. Townsend filed his lawsuit for benefits arising out of injuries and resulting incapacity sustained in January of 1989, while in the course of his employment with Lennox Industries, Inc. Employers Mutual filed a motion for summary judgment alleging that Townsend made an informed election of remedies by pursuing his right to benefits under the group health insurance plan provided by his wife's employer. The trial court, without stating a reason, granted the motion and Townsend appeals on two points of error.

We reverse and remand.

The summary judgment proof consisted of: the pleadings, Townsend's answers to request for admissions and deposition testimony, and an affidavit of Kevin J. Maguire.

On January 25, 1989, while in the employ of Lennox Industries, Inc., Townsend allegedly suffered an on-the-job injury to his back with pain going down into his right groin and leg. The injury was reported to the foreman immediately. Townsend went to see a doctor that evening before going home. He went to another doctor as soon as he could get an appointment. Townsend was covered by a group health insurance policy issued by Aetna provided through his wife's employer. He submitted medical bills, incurred in connection with the alleged on-the-job injury, to Aetna between January 1989 and May 1989. In his deposition Townsend testified that at all relevant times he knew that his employer carried worker's compensation insurance, but that he did not know he had a worker's compensation claim until April of 1989. He also testified that he knew the difference between worker's compensation and group health insurance.

The issue before the trial court on summary judgment was whether Employers could avail itself of the affirmative defense of election. *See* TEX.R.CIV.P. 94. Townsend filed no response to Employers' motion for summary judgment. Absent a response, the only issue before this court is whether the motion for summary judgment is sufficient as a matter of law. TEX. R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). Summary judgments must stand on their own merits, and the nonmovant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. *Id.* at 678. Employers, therefore, had to show that no material fact issue existed as to the affirmative defense alleged in their motion and that they are entitled to summary judgment as a matter of law. *Id.* at 678; TEX.R.CIV.P. 166a(c).

Townsend asserts two points of error. In his first point, he argues that Employers Mutual did not, as a matter of law, conclusively prove every element required for the affirmative defense of election of remedies. The Supreme Court has defined the elements of the election doctrine as follows: (1) one successfully exercises an informed choice (2) between two or more remedies, rights, or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice. *See Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex.1980).

The summary judgment evidence established that: (1) Townsend's injury occurred while he was at work in January of 1989; (2) he knew his employer carried worker's compensation insurance; (3) he knew the difference between worker's compensation insurance and group health insurance; (4) he submitted his medical bills to his group carrier rather than to Employers; (5) he did not know he had a worker's compensation claim until his doctor told him in April of 1989; (6) he began claiming worker's compensation immediately when he found out his injury was work related; and (7) he had never claimed worker's compensation before and had no experience with it.

In order to have exercised an informed choice, it must be made with full and clear understanding of the problem, facts, and remedies essential to the exercise of an intelligent choice. *Id.* at 852. In *Bocanegra*, the court found that because Mrs. Bocanegra did not know the cause of her injury when she settled her first suit, she had not made an informed choice. *Id.* at 853.

In the present case, as in *Bocanegra*, there is evidence Townsend did not know the cause of his injury was work related; he testified in his deposition he did not know the cause of his injury until after he began submitting claims to his group insurance. Thus, a material question of fact exists for this first element of the election doctrine.

Furthermore, in another summary judgment case similar to this one, the Texas Supreme Court reversed the appellate court's finding that the plaintiff had made an informed election where she had been told by her doctor that her injury was work related, and she chose to file with her group health insurance. *Overstreet v. Home Indem. Co.*, 669 S.W.2d 825 (Tex. App.—Dallas), *rev'd per curiam*, 678 S.W.2d 916 (Tex.1984). In *Overstreet*, the summary judgment evidence was that the plaintiff had been informed by her doctor her condition was work related, and she still chose to file her claim under her group insurance. *Id.* at 828. Additionally, Overstreet had experience filing both worker's compensation and group health insurance claims. *Id.* The supreme court held that this evidence did not establish as a matter of law that the plaintiff had made an "informed" election under the rule of *Bocanegra* by filing a claim under her employer's group insurance policy before seeking worker's compensation benefits. *Overstreet v. Home Indem. Co.*, 678 S.W.2d 916 (Tex.1984) (per curiam). We find *Overstreet* to be controlling here.

Employers argues this case comes within our holding in *Smith v. Home Indem. Co.*, 683 S.W.2d 559 (Tex.App.—Fort Worth 1985, no writ). However, in *Smith*, this court found that Smith knew at the time that he had previously applied for group insurance benefits that those benefits were for nonwork-related injuries and that his employer's worker's compensation insurance was for job-related injuries. *Id.* at 563. Moreover, there was no evidence in that case that he was later told his injury was work related, or that he shifted between group and worker's compensation insurance, following shifting medical opinions. *Id.* at 564. Instead, he only began filing for worker's compensation when his group disability benefits were about to expire. *Id.* In the present case a material issue of fact exists as to whether or not Townsend knew his injury was work related when he filed for group coverage.

After examining the summary judgment evidence and indulging all reasonable inferences in favor of the nonmovant, we conclude a material issue of fact exists as to the first element of the election doctrine.

Having found this, we need not address the other elements of the election doctrine. We find, as a matter of law, the trial court improperly granted summary judgment based on the evidence before it.

Townsend's first point of error is granted.

In his second point, Townsend argues Employers Mutual failed to plead election of remedies, and thus, it was improperly considered by the trial court for summary judgment. In *Roark v. Stallworth Oil & Gas*, the Texas Supreme Court held, "an unpleaded affirmative defense may also serve as the basis for a summary judgment when it is raised in the summary judgment motion, and the opposing party does not object to the lack of a rule 94 pleading in either its written response or before the rendition of judgment." *Roark v. Stallworth Oil & Gas*, 813 S.W.2d 492, 493 (Tex.1991). Townsend's second point of error is overruled.

Judgment is reversed and remanded to the trial court.