TEXAS GENERAL INDEMNITY COMPANY, Appellant,

v.

Margaret Ann HEARN, Appellee.

No. 09–91–124 CV.

Court of Appeals of Texas, Beaumont.

April 23, 1992.

Rehearing Denied May 7, 1992.

Robert K. Inselmann, Zeleskey, Cornelius, Hallmark, Borgfeld & Roper, Lufkin, for appellant.

Don Wheeler, Center, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is a workers' compensation case which we believe clearly involves a question of election of remedies. Margaret Ann Hearn is appellee and Texas General Indemnity Company is appellant. We adopt appellant's statement of the case which sets forth that appellant issued a workers' compensation insurance policy for appellee's benefit as an employee at the Louisiana–Pacific plant in Lufkin, Texas.

Appellee, by the suit, alleged that she sustained an injury during the course and scope of her employment at Louisiana–Pacific. Specifically, appellee contended at trial that she sustained a compensable injury on September 1, 1987 and she filed a claim for benefits under the Texas Workers' Compensation Act on August 22, 1988. At trial, appellant contended appellee made an effective election of remedies. In particular, appellee filed for medical benefits under Louisiana–Pacific's group health carrier, Metropolitan Life Insurance Company, and based upon her representations that her condition was not work related, appellee received medical benefits, including surgery, and received 26 weekly disability checks from July 6, 1988 through December 18, 1988 from Metropolitan Life Insurance Company, the group health carrier for Louisiana–Pacific.

The trial was held in the District Court of Angelina County and a jury returned a verdict that appellee was injured on September 1, 1987 in the course and scope of her employment and that such injuries produced total incapacity from June 27, 1988 to September 13, 1988 and from June 11, 1990 to August 20, 1990 and permanent partial incapacity beginning August 20, 1990. During the trial, appellant attempted to introduce evidence that appellee had made an election of remedies, but appellee's counsel objected, contending that appellant had no defense of election of reme-

dies. The trial court refused to permit the introduction of such evidence. Appellee filed a Motion for Judgment on the verdict and judgment was entered upon the verdict of the jury. Appellant now brings this appeal from the judgment.

Even though the election of remedies doctrine is not viewed with judicial favor, *see, Liberty Mut. Ins. Co. v. First Nat. Bank in Dallas,* 151 Tex. 12, 245 S.W.2d 237 (1951); *Slay v. Burnett Trust,* 143 Tex. 621, 187 S.W.2d 377 (1945) and *A.E. Swift & Sons Concrete Contractors, Inc. v. Sam Sanders, Inc.,* 405 S.W.2d 402 (Tex. Civ.App.—Amarillo 1966, no writ), it is nevertheless a viable defense when properly pleaded and affirmatively proved. *See, Bocanegra v. Aetna Life Insurance Company,* 605 S.W.2d 848 (Tex.1980); *Smith v. Home Indemnity Company,* 683 S.W.2d 559 (Tex.App.—Fort Worth 1985, no writ); *Overstreet v. Home Indemnity Co.,* 669 S.W.2d 825 (Tex.App.—Dallas 1984), *rev'd and remanded on other grounds,* 678 S.W.2d 916 (Tex.1984).

In order for the election of remedies doctrine to apply as a bar to the relief sought, it must be affirmatively shown that (1) one has successfully exercised an informed choice (2) between two or more remedies, rights or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice. *See, Bocanegra, supra* citing *Custom Leasing, Inc. v. Texas Bank & Trust Company of Dallas,* 491 S.W.2d 869 (Tex.1973).

We believe *Smith v. Home Indemnity Company, supra* to be factually analogous to our present situation even though that case was an appeal from summary judgment. In *Smith,* the appellant made admissions that he, Smith, had filed a claim for group insurance benefits; that he received full medical and disability benefits, including surgery; he knew at the time he applied for such benefits that some were for non-work related injuries, and at the time he applied for such benefits, he knew that workers' compensation benefits were for job-related injuries.

In our case, appellant attempted to meet his affirmative burden of introducing evidence of appellee's election, but was prevented from doing so upon appellee's objection being sustained by the trial court. Appellant properly preserved this error by making a formal Bill of Exception wherein appellee admitted that she filed a claim for group insurance benefits; that she received medical benefits, including surgery plus twenty-six weeks of disability benefit checks; that she knew when she applied for group insurance benefits that those benefits were for non-work related injuries; and that at the time of applying for group insurance benefits, she knew that her employer's workers' compensation insurance was for job-related injuries.

At the conclusion of all the evidence, appellant moved the trial court for a directed verdict which was denied. Appellant then requested and tendered a jury question regarding election of remedies which was also denied by the trial court.

The record reflects that appellant offered evidence that the appellee had made an informed election in her choice of remedies. The trial court excluded such evidence, but allowed appellant to make a Bill of Exceptions showing what the evidence would have proved. TEX.R.CIV.EVID. 103. We hold that the appellant properly preserved this error through his Bill of Exceptions. TEX.R.APP.P. 52. *See, Guentzel v. Toyota Motor Corporation*, 768 S.W.2d 890 (Tex. App.—San Antonio 1989, writ denied). We hold that the exclusion of said evidence was error and that error was reasonably calculated to cause and probably did cause rendition of an improper judgment. TEX. R.APP.P. 81(b). *See, Gee v. Liberty Mutual Fire Insurance Company*, 765 S.W.2d 394 (Tex.1989).

We believe the more prudent course is to reverse the judgment of the trial court and remand this cause for a full trial on the merits.

REVERSED AND REMANDED.

BURGESS, Justice, dissenting.

I respectfully dissent. The evidence produced by the bill of exception did not prove any informed choice of remedies, it only proved application for and acceptance of benefits under a group health care policy. Consequently, for any one of a variety of reasons, I would affirm the trial court.

Without delineating, the majority actually reverses under appellant's point of error number two. This point of error states: "The trial court erred in refusing to permit the introduction of any evidence or to submit a jury question on appellant's affirmative defense of election of remedies." The majority is concerned about the trial court's refusal to allow the evidence contained in the bill of exception. However, while the questions are admittedly different, the substance of the testimony was properly before the jury. Mrs. Hearn admitted she had filed an application for benefits under the group health and disability policy. The application was in evidence. There were two sections to the application; one section to be completed by the employee and another to be completed by the employer. In the employee section, above Mrs. Hearn's signature, was the question: "Were you at work when the accident happened?"; a box was checked "No". In the employer section, above the personnel secretary's signature was the question: "Has this claim been considered in connection with Workmen's [sic] Compensation coverage?"; a box was checked "No". Mrs. Hearn also admitted she received benefits under the group policies. This group health claim was certainly admissible against Mrs. Hearn, but was not a bar to her worker's compensation claim. *Northwestern National Insurance Co. v. Kirchoff*, 427 S.W.2d 638 (Tex.Civ.App.—Houston [14th Dist.] 1986, no writ).

The majority asserts Mrs. Hearn's case is "factually analogous" to *Smith v. Home Indemnity Co.*, 683 S.W.2d 559 (Tex. App.—Fort Worth 1985, no writ). There are at least two important distinctions. First, *Smith* was a summary judgment case with only affidavits. Second, Mrs. Hearn testified she applied for the group insurance because she had been asked by her employer not to file under workers' compensation. Consequently, Mrs.

Hearn's admissions in this case, unlike those in *Smith,* 683 S.W.2d at 563, do not satisfy the elements of inconsistent remedies enunciated in *Bocanegra v. Aetna Life Insurance Co.,* 605 S.W.2d 848 (Tex.1980).

The final reason not to reverse the case is, even if the bill of exception testimony was erroneously excluded and even if appellant was entitled to a jury question on election of remedies, it did not comply with any of the requirements of TEX.R.CIV.P. 273, 276, 278. Appellant dictated a jury question but did not tender a written jury question. This is insufficient; it must be tendered in writing. *Woods v. Crane Carrier Co., Inc.,* 693 S.W.2d 377 (Tex. 1985); *James v. Hill,* 753 S.W.2d 839 (Tex. App.—Fort Worth 1988, no writ). There having been no written jury question tendered, obviously it was not marked "refused", so there could be no compliance with Rule 276. This too is fatal. *Breithaupt v. Navarro County,* 675 S.W.2d 335, 339 (Tex.App.—Waco 1984, writ ref'd n.r.e.); *see also Governing Bd. v. Pannill,* 659 S.W.2d 670, 681 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.). Last, the dictated question was not submitted in substantially correct wording. It was: "Did Margaret Hearn knowingly accept group health insurance benefits for the injuries, if any, made the basis of this suit". This single question does not inquire about the *Bocanegra* requirement of exercising an informed choice. *See Allstate Ins. Co. v. Perez,* 783 S.W.2d 779 (Tex.App.—Corpus Christi 1990, no writ). Failure to submit a properly worded jury question constituted waiver of the affirmative defense of election of remedies. *Accord: Cosgrove v. Grimes,* 774 S.W.2d 662, 666 (Tex.1989).

As previously noted, for all the above reasons, I would affirm the jury verdict as evidenced by the trial court's judgment. Since the majority does not, I respectfully dissent.