Lazaro **MEDINA**, Appellant,

v.

Jose **HERRERA** and Interstate Forging Industries, Inc., Appellees.

No. 14–94–00386–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 29, 1995.

Rehearing Overruled Aug. 3, 1995.

Stuart Lewis, Bryan, for appellant.

John D. Wittenmyer, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

Lazaro Medina appeals a summary judgment granted to Jose Herrera and Interstate Forging Industries, Inc. ("Interstate") on the grounds that: (1) appellees did not establish all of the elements of the affirmative defense of election of remedies; (2) a fact question was raised whether appellant made an informed election of remedies here; (3) the defense of election of remedies is not applicable to this case; and (4) claims for Workers' Compensation and intentional tort are not mutually exclusive. We affirm.

On October 31, 1991, in the course of his employment by Interstate, appellant was riding on a forklift driven by his supervisor, Herrera. While the forklift was moving, Herrera allegedly hit appellant in the stomach. As appellant then attempted to get off the forklift, he lost his balance and fell, striking his head and lower back on the concrete floor. Appellant suffered a back injury that ultimately required surgery.

On November 7, 1991, Interstate filed an injury report with its workers' compensation insurance carrier, which began weekly payments to appellant on November 20, 1991. Appellant signed and filed a handwritten notice of injury and claim for workers' compensation on November 25, 1991. On November 27, 1991, appellant hired an attorney to represent him in his workers' compensation claim, and signed another claim form which was filed by his attorney on December 2, 1991. Appellant has been represented by an attorney since that date.

On October 28, 1993, appellant filed a lawsuit alleging an intentional tort against Herrera and Interstate arising from the incident on October 31, 1991. In February, 1994, appellees filed a motion for summary judgment, based on the affirmative defense of election of remedies. The trial court granted

the motion and entered a take-nothing summary judgment.

■ The standards for reviewing a summary judgment are that: (1) the movant has the burden of showing that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue which precludes summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference will be indulged in favor of the non-movant, and any doubts resolved in his favor. *Nixon v. Mr. Property Management, Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985).

For ease of understanding, we will address appellant's four points of error in order from the more general to the more specific.

■ In his third and fourth points of error, appellant contends that the doctrine of election of remedies does not apply to his claims for workers' compensation and intentional tort because those claims are not so inconsistent that assertion of one necessarily requires repudiation of the other.

Appellant argues that workers' compensation now covers any employee injury, whether accidental or intentional, arising during the scope of employment. Since workers' compensation covers both intentional as well as accidental injury, appellant contends that the filing of his claim under the Workers' Compensation Act[1] ("the Act") was not a declaration that his injury was not the result of an intentional act. Since the Act does not

bar an employee from bringing an intentional tort action against his employer, appellant contends that his intentional tort claim is not barred by his workers' compensation claim.

■ Contrary to appellant's argument, however, Texas law is clear that: (a) claims against an employer under the Act and for common law intentional tort are mutually exclusive; and (b) "the collection of workers' compensation benefits by an employee who subsequently alleges his injury was by intentional tort constitutes an election of remedies and estops the employee from proceeding to recover damages outside the Act." *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 933 (Tex.1983).[2] Furthermore, once an employee recovers workers' compensation benefits, he is also precluded from bringing an independent cause of action against a co-worker, such as Herrera, for the work-related injury. *See* TEX.REV.CIV.STAT.ANN. art. 8308–4.01, *repealed,* now TEX.LAB.CODE ANN. § 408.001(a) (Vernon Supp.1995).[3] Appellant's third and fourth points of error are overruled.

■ In his first and second points of error, appellant claims that the summary judgment evidence failed to establish that, and a fact issue was raised whether, appellant made an "informed" election of remedies.[4]

The doctrine of election of remedies has typically arisen with regard to workers' compensation in two fact situations. In one, the issue has been whether pursuing a claim for benefits under workers' compensation or group medical insurance bars a claim for benefits under the other.[5] In these deci-

1. Effective September 1, 1993, the Texas Workers' Compensation Act is TEX.LAB.CODE ANN. §§ 401.001–451.003 (Vernon Supp.1995). The preceding Act, and that which is applicable to appellant's claim, is former TEX.REV.CIV.STAT.ANN. art. 8308–1.01 to 8309i.

2. The claims are not mutually exclusive if the intentional act produced an injury independent from that for which workers' compensation was claimed. *Massey,* 652 S.W.2d at 933. Here, it is undisputed that appellant's workers' compensation benefits and later intentional tort action were both for the same injuries.

3. Article 8308–4.01, in effect at the time of appellant's injury, stated: "recovery of workers' compensation benefits under the Act is the exclusive remedy of an employee ... against the employer

or an agent, servant, or employee of the employer for ... a work related injury sustained by a covered employee."

4. An "informed" election is one "made with a full and clear understanding of the problem, facts, and remedies essential to the exercise of an intelligent choice." *Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848, 852 (Tex.1980).

5. *See Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848 (Tex.1980); *Overstreet v. Home Indem. Co.,* 678 S.W.2d 916 (Tex.1984); *Highlands Ins. Co. v. Currey,* 773 S.W.2d 750 (Tex.App.—Houston [14th Dist.] 1989, writ denied); and *Townsend v. Employers Mut. Casualty Co.,* 817 S.W.2d 401 (Tex.App.—Fort Worth 1991, no writ).

sions, an informed election by the claimant has been required, and has been found lacking where there was uncertainty at the time of requesting benefits whether the injury was occupational, and, thus, within the scope of workers' compensation benefits, or non-occupational, and, thus, within the scope of group medical insurance.

In the second fact situation, the issue has been whether filing for and accepting workers' compensation benefits bars recovery for an intentional tort by the employer.[6] In these decisions, an informed election by the claimant has not been required, and the acceptance of workers' compensation benefits has barred recovery where the employer's intentional act is inseparable from the workers' compensation claim and does not produce an independent injury. We consider the second group of decisions to reflect the prevailing law applicable to appellant's first and second points of error.[7]

Moreover, even if an informed election were required here, we are satisfied that one was made. In order for an informed election to be possible as between workers' compensation and other alternative remedies, information must at least be available as to whether each is applicable to the particular case. If a claimant cannot determine what his options are in terms of the remedies available, he cannot make an informed election.

In the present case, appellant stated in the affidavit accompanying his summary judgment response that his injury occurred at the plant where he worked, while he was at work, and resulted from being intentionally hit in the stomach by his supervisor, Herrera. Based on these facts, the information was available to enable appellant to determine that his injury was within the scope of either workers' compensation or an intentional tort claim.

Appellant contends that he did not make an informed election because he did not understand the extent of his back injury at the time he requested workers' compensation benefits. We are not aware of a Texas decision in which uncertainty regarding the *extent* of an injury, as contrasted from its cause, has precluded a finding of an informed election. As a practical matter, the extent of such an injury is commonly not known with certainty for months or even years following its occurrence. Without a showing that the extent of the injury affected the availability of one of the alternative remedies, we see no reason that an informed election should be precluded by not knowing the extent of an injury.

Appellant also argues that he did not make an informed election because he did not understand his right to pursue an intentional tort claim. We know of no Texas case law which establishes the extent to which a claimant must have a subjective understanding of relevant legal considerations in order to make an informed election.

In this case, however, after appellant submitted a handwritten claim form, he hired an attorney who filed a second form on his behalf. "[A]n attorney employed to prosecute a claim for workers' compensation is the agent of the client, and his action or inaction within the scope of his employment or agency is attributable to the client." *Texas Employers Ins. Ass'n v. Wermske*, 162 Tex. 540, 349 S.W.2d 90, 95 (1961). In filing the second workers' compensation claim for appellant, the attorney can fairly be presumed to have acted with knowledge of the legal considerations involved. Even if he failed to advise appellant of those considerations, or appellant failed to understand his explanation, we believe that, for purposes of informed election, the attorney's knowledge

6. See *Jones v. Jeffreys*, 244 S.W.2d 924 (Tex.Civ. App.—Dallas 1951, writ ref'd); *Grove Mfg. Co. v. Cardinal Constr. Co.*, 534 S.W.2d 153 (Tex.Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e); *Porter v. Downing*, 578 S.W.2d 460 (Tex. Civ.App.—1979, writ ref'd n.r.e.); *Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex.1983); and *Jones v. Wal-Mart Stores, Inc.*, 893 S.W.2d 144 (Tex.App.—Houston [1st Dist.] 1995, n.w.h.).

7. We are aware of only one decision which has required an informed election in this context. See *Ramirez v. Pecan Deluxe Candy Co.*, 839 S.W.2d 101 (Tex.App.—Dallas 1992, writ denied).

with respect to this action may be imputed to the client for whose benefit it was taken. Under these circumstances, even if an informed election was required, the filing of a second workers' compensation claim on appellant's behalf by his counsel constituted such an informed election as a matter of law.

Accordingly, appellant's first and second points of error are overruled, and the summary judgment is affirmed.