NO. 07-02-0412-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 11, 2003


______________________________



PETE HENRY CLEMENTS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 82781; HON. CHARLES D. CARVER, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pete Henry Clements (appellant) appeals from a judgment adjudicating him guilty
of failing to comply with the registration requirements applicable to sex offenders. We
affirm. 

 Pursuant to a plea bargain, appellant entered a plea of guilty to the above
referenced charge, and the trial court assessed punishment at four years in prison.
Appellant timely noticed his appeal, and counsel was appointed. The latter moved to
withdraw after filing a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967), and representing that he had searched the record and found no
arguable grounds for reversal. The motion and brief illustrated that appellant was informed
of his rights to review the appellate record and file his own brief. So too did we inform
appellant that any brief he cared to file had to be filed by June 9, 2003. To date, appellant
has filed no brief. 

 After conducting an independent review of the record, we find no reversible error. 
Appellant represented to the court via the plea admonishment papers he signed that he
was 1) properly indicted, 2) represented by legal counsel, and 3) mentally competent when
he entered his plea. Furthermore, the punishment levied was within the range provided
by statute. 

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed. 

 Brian Quinn

 Justice


 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



eption Locked="false" Priority="0" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Normal"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0031-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JULY 19, 2010

 

______________________________

 

 

DENNIS SALZIDO, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

 

NO. 1123446D; HONORABLE GEORGE GALLAGHER, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

Following a plea of not guilty, Appellant, Dennis Salzido, was convicted by a jury of driving while
intoxicated,[1] enhanced.  Punishment was assessed at twenty-five years
confinement.  

The appellate record was filed and Appellant's brief was
originally due on March 18, 2010.  When
the brief was not filed, by letter dated March 25, 2010, this Court notified Appellant's
appointed counsel, Richard Kline, of the defect.  In response, on April 5, 2010, Appellant's
counsel filed a motion for extension of time acknowledging that ignorance of
"local rules" was a weak explanation for not knowing the brief's due
date.[2]  Appellant's counsel requested a sixty-day
extension; however, this Court granted only thirty days, setting the new
deadline at May 7, 2010.   No brief was
filed, and on May 11, 2010, Appellant's counsel filed a second motion for extension
of time in which he cited the normal press of business as good cause and requested
an additional thirty days.[3]  Notwithstanding the lack of actual good cause,
the request was granted, further extending the deadline to June 11, 2010.  No brief was filed, and on June 14, 2010,
Appellant filed a third motion for extension of time in which counsel explained
he had attended a seminar which required a "complete re-work" of
Appellant's brief.  Counsel requested an
extension until June 25, 2010 and provided that "[a]bsolutely
no further extensions will be requested by Appellant."  Again, this Court granted the extension,
extended the deadline until June 25, 2010, and admonished that "[f]ailure to comply . . . may result in the appeal being
abated and the cause remanded to the trial court for further proceedings."  June 25th came and went, still no brief.

On July 6, 2010, Appellant filed a fourth motion for
extension of time alleging as grounds:

[o]n Friday, June 25, as a diversion while finishing
the Brief, Appellant's attorney decided to download Windows 7 operating system
to up grade his software.  For technical reasons, this required a custom
download.  Unbeknownst to this attorney,
was that this custom download would delete all of the data on this
attorney's computer, including all calendars, device drivers, documents
(including appellant's brief) . . . . This has been exacerbated by the fact
that this attorney's legal/administrative assistant has been on vacation all of
this week.

 

In the fourth motion, counsel requested until Friday, July 9, 2010, in
which to file the brief.  That date has now
passed and Appellant's counsel has still failed to file Appellant's brief.  Accordingly, by Order of this Court,
Appellant's Fourth Motion for Extension of Time to File Appellant's Brief is denied.    

Given the information available to this Court, we now abate
this appeal and remand the cause to the trial court for further
proceedings.  Upon remand, the trial
court shall immediately determine why counsel has failed to timely file
Appellant=s brief and take such action as is
necessary to ensure that the brief is filed with the Clerk of this Court on or
before August 2, 2010.

Should counsel file Appellant's brief on or before August 2, 2010,
he is directed to notify the trial court, in writing, of the filing, whereupon
the trial court shall not be required to take further action.  If, however, the brief is not timely filed,
pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules
of Appellate Procedure, the trial court is directed to immediately conduct a
hearing to determine the following: 

1.         whether
Appellant desires to prosecute this appeal;

2.         whether
Appellant's counsel has effectively abandoned this appeal;

3.         whether
Appellant is indigent and entitled to the appointment of new                                 counsel. 

Should it be determined that Appellant does want to continue the prosecution
of this appeal and the trial court determines he is entitled to new appointed
counsel, the trial court shall appoint new appellate counsel and the name,
address, telephone number, and state bar number of the newly-appointed counsel
shall be provided to the Clerk of this Court. 
The trial court shall execute findings of fact and conclusions of law,
and shall cause its findings, conclusions, and any necessary orders to be
included in a supplemental clerk's record to be filed with the Clerk of this
Court by September 2, 2010.  Finally, newly
appointed counsel shall file Appellant's brief within thirty days after the
date of appointment. 

It is so ordered.

 

                                                                                    Per
Curiam

 

 

 

Do not publish.

 

 

 

 

 

 

 

 

 

 

                                                                        

 











[1]Tex. Penal Code Ann. § 49.04 (Vernon 2003).





[2]Briefing
deadlines are not set by local rules. 
Rule 38.6(a) of the Texas Rules of Appellate Procedure governs the time
in which an appellant's brief is due.

 





[3]The
normal press of business is not generally considered good cause.  See Curry v. Clayton, 715 S.W.2d 77, 79 (Tex.App.--Dallas 1986, no
writ).