David **CURRY** d/b/a Birddog 'N Catfish, Appellant,

v.

John Douglas **CLAYTON**, Appellee.

No. 05–85–01264–CV.

Court of Appeals of Texas, Dallas.

June 24, 1986.

Rehearing Denied July 30, 1986.

Afred W. Ellis, Dallas, for appellant.

Debra Jo Catlett, Houston, for appellee.

Before AKIN, GUILLOT and SCALES, JJ.

SCALES, Justice.

Curry, the defendant below, appeals from a summary judgment rendered in favor of Clayton, the plaintiff below. In his sole ground of error, Curry contends that "the trial court erred in granting summary judgment based upon the court's interpretation of Rule 169, Texas Rules of Civil Procedure, that it did not have discretion to allow the late filing of responses" to Clayton's requests for admissions. We hold that the trial court had discretion to strike admissions which had been deemed admitted under Rule 169 and to permit the late filing of responses to requests for admissions. We hold that in this case, however, Curry failed to show good reason why the requests should have been stricken and additional time given Curry to answer. Accordingly, we affirm.

■ Clayton sent requests for admissions to Curry, which Curry received on February 19. Curry failed to file a response or objection to these requests within thirty days of the date of receipt; thus, the requests were deemed admitted by operation of law. TEX.R.CIV.P. 169. Clayton then filed a motion to deem requests for admissions admitted[1] and a motion for summary judgment, based upon the deemed admissions and the supporting affidavit of Clayton. Curry filed responses to Clayton's requests for admissions on March 25. On April 19, Curry filed an affidavit opposing Clayton's motion for summary judgment, which contained facts contradicting the matters already deemed admitted by operation of law.[2] On May 22, Curry filed a "motion to extend time for filing a response to request for admissions."[3] The trial court denied Curry's motion and granted summary judgment in favor of Clayton.

1. Since April 1, 1984, Rule 169 has expressly provided that a court order deeming requests for admissions admitted is not necessary.

2. This controverting affidavit was insufficient to raise a fact issue regarding the matters deemed admitted by operation of law, since legal admissions under Rule 169 preclude a party from denying such facts at trial. TEX.R.CIV.P. 169;

*Agristor Credit Corp. v. Donahoe,* 568 S.W.2d 422, 427 (Tex.Civ.App.—Waco 1978, writ dism'd).

3. The proper procedure would have been to file a motion to strike the previously deemed admissions, together with a motion to extend time for filing a response.

The trial court subsequently signed a judgment nunc pro tunc which states: "[T]he court is of the opinion that pursuant to Rule 169 ... the court does not have discretion to allow [Curry] to file a late response to [Clayton's] requests for admissions...." Thus, two questions are presented in this appeal: first, whether the trial court had discretion to strike admissions which had been deemed admitted by operation of law and to permit the late filing of responses to the requests; and second, whether this Court may review, under an abuse of discretion standard, actions taken by the trial court where the trial court expressly found that it had no discretion to exercise.

■ Rule 169 provides:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted without necessity of a court order unless, within thirty (30) days after service of the request, or within such time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection....

Thus, after the expiration of thirty days after the date of service, and in the absence of a motion to extend time for filing a response, the requests for admissions are automatically deemed admitted and the trial court has no discretion to deem, or refuse to deem, the admissions admitted. *Cf. Overstreet v. Home Indemnity Co.*, 669 S.W.2d 825, 828 (Tex.App.—Dallas) *rev'd on other grounds*, 678 S.W.2d 916 (Tex. 1984) (under the former version of rule 169, which stated that "each of the matters of which an admission is requested shall be deemed admitted," when no answer or motion to extend time for filing a response was filed by the due date, the admissions were automatically deemed admitted); *Packer v. First Texas Savings Ass'n of Dallas*, 567 S.W.2d 574, 575 (Tex.Civ.App. —Eastland 1978, writ ref'd n.r.e.) (in the absence of a motion to extend time for

filing a response to requests for admissions, the matters were admitted by default).

■ Once matters have been deemed admitted by operation of law under rule 169, however, the trial court does have discretion in acting on a motion to strike the deemed admissions and to grant additional time for filing a response to requests for admissions. In exercising its discretion in such instances, the trial court should strike deemed admissions only where the moving party has shown good cause.[4] In *Overstreet*, 669 S.W.2d at 828, this Court stated:

We recognize that there will occasionally be extenuating circumstances in which neither answers nor a motion for additional time can be filed before the deadline stated in the request for admissions. Once the time period on the request has lapsed, it is the answeree's burden to file a motion showing a good reason why the requests already deemed admitted as a matter of law should be stricken and additional time given to answer.

*Id.* at 828. Accordingly, we held that no abuse of discretion was shown by the trial court's refusal to extend the time for filing a response to requests for admissions, when the motion was filed after the admissions had been deemed admitted by operation of law and when the motion stated only that the movant "would show that she had 'good cause' for why the answers were filed late." *Id.* at 828.

■ In the present case, Curry's motion to extend time stated that his delay in filing his response to Clayton's requests for admissions was not intentional but was merely the result of his attorney's "busy schedule." A statement that the delay was due to the attorney's "busy schedule," without more, is not sufficient to show good cause for permitting the late filing of a response to requests for admissions. *Cf. Texas Employers' Ins. Assoc. v. Bragg*, 670 S.W.2d 712, 715 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) (trial court did not abuse its discretion in denying mo-

---

4. We do not here address the standard which a party must meet in order to withdraw or amend timely filed responses to requests for admissions.

tion for leave to file late response to requests for admissions upon allegations that respondent's attorney had numerous conflicting trial settings and personal matters requiring his attention); *Trevino v. Central Freight Lines, Inc.*, 613 S.W.2d 356, 359 (Tex.Civ.App.—Waco 1981, no writ) (no abuse of discretion was shown where the uncontradicted testimony established that the failure to file responses to requests for admissions was solely due to attorney's neglect). Thus, in the present case, we hold that Curry failed to show good reason to permit the late filing of his response to the requests for admissions and, had the trial court permitted the late filing of responses, an abuse of discretion would be shown. Accordingly, we hold that the trial court, even though it mistakenly found that it had no discretion to exercise, correctly denied Curry's motion to extend time for filing his response to Clayton's requests for admissions. If the judgment rendered is correct, the assignment by the trial court of a wrong reason for granting the judgment is not reversible error. *Dennis v. Allison*, 678 S.W.2d 511, 514 (Tex.App.—El Paso 1984, no writ); *see Ranger Ins. Co. v. Mustang Aviation Inc.*, 641 S.W.2d 587, 592 (Tex.App.—Dallas 1982, writ ref'd n.r. e.). We overrule Curry's point of error and affirm the trial court's judgment.