NO. 07-03-0303-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 30, 2003



______________________________




VAN HOOLEY AND ANGELA HOOLEY,


INDIVIDUALLY AND D/B/A VAN HOOLEY CONSTRUCTION, APPELLANTS



V.



THE ESTATE OF WELDON MCCLURE, DECEASED, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. 2899-L; HONORABLE JAMES ANDERSON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellants Van Hooley and Angela Hooley, individually and d/b/a Van Hooley
Construction, filed a Motion to Dismiss Appeal on September 26, 2003.

 

 No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. No motion for rehearing will be entertained and our
mandate will issue forthwith. Tex. R. App. P. 42.1. All costs herein having been paid, no
order pertaining to costs is made. 


 James T. Campbell

 Justice

















ourt for further proceedings per Texas Rule of
Appellate Procedure 38.8(b)(2). February 11th passed, and appellant again filed no brief. 
As before, he sought, for the third time, an additional 60-day extension. The reason
purportedly justifying it was no different from the others, i.e. counsel "had insufficient time
to complete Appellant's brief due to his heavy hearing and trial schedule." Yet, the nature
of this allegedly "heavy hearing and trial schedule" or the matter, number of cases, and the
like comprising it has never been explained. This is of import for simply stating that one is
too busy to attend to pending legal business does not justify delay. Curry v. Clayton, 715
S.W.2d 77, 79 (Tex. App.-Dallas 1986, no writ).

 Consequently, we deny the request for an additional extension of the deadline. So
too do we abate this appeal and remand the cause to the 252nd District Court of Jefferson
County (trial court) for further proceedings. Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L. Ed.2d
821, 828 (1985) (holding that an indigent defendant is entitled to the
effective assistance of counsel on the first appeal as of right and that
counsel must be available to assist in preparing and submitting an
appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, has appointed counsel, and has been denied effective
assistance of counsel, then we further direct it to appoint new counsel to assist in the
prosecution of the appeal. The name, address, phone number, telefax number, and state
bar number of the new counsel who will represent appellant on appeal must also be
included in the court's findings of fact and conclusions of law. Furthermore, the trial court
shall also cause to be developed 1) a supplemental clerk's record containing the findings
of fact and conclusions of law and 2) a reporter's record transcribing the evidence and
argument presented at the aforementioned hearing. Additionally, the trial court shall cause
the supplemental clerk's record to be filed with the clerk of this court on or before March
19, 2004. Should additional time be needed to perform these tasks, the trial court may
request same on or before March 19, 2004.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).