BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-03-0060-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 19, 2004


______________________________



JONATHAN RAY GRIFFIN, SR.,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;



NO. 81858; HON. LEONARD GIBLIN, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Jonathan Ray Griffin, Sr. (appellant) appeals his conviction for manslaughter. 
Appellant's brief was due on December 4, 2003. However, one was not filed on that date. 
Instead, this court received, on December 8, 2003, a motion requesting that the deadline
be extended for 60 days. Counsel sought to justify the extension by stating that he "had
insufficient time to complete Appellant's brief due to his heavy hearing and trial schedule."
We extended the briefing deadline to January 12, 2004. No brief was filed on that date
either. Instead, appellant again moved for another 60-day extension based upon the same
grounds mentioned in his first motion. We again extended the deadline to February 11,
2004. Furthermore, in our letter informing appellant of the extension, we advised him and
his counsel that failure to comply with this deadline may result in the appeal being abated
and the cause remanded to the trial court for further proceedings per Texas Rule of
Appellate Procedure 38.8(b)(2). February 11th passed, and appellant again filed no brief. 
As before, he sought, for the third time, an additional 60-day extension. The reason
purportedly justifying it was no different from the others, i.e. counsel "had insufficient time
to complete Appellant's brief due to his heavy hearing and trial schedule." Yet, the nature
of this allegedly "heavy hearing and trial schedule" or the matter, number of cases, and the
like comprising it has never been explained. This is of import for simply stating that one is
too busy to attend to pending legal business does not justify delay. Curry v. Clayton, 715
S.W.2d 77, 79 (Tex. App.-Dallas 1986, no writ).

 Consequently, we deny the request for an additional extension of the deadline. So
too do we abate this appeal and remand the cause to the 252nd District Court of Jefferson
County (trial court) for further proceedings. Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L. Ed.2d
821, 828 (1985) (holding that an indigent defendant is entitled to the
effective assistance of counsel on the first appeal as of right and that
counsel must be available to assist in preparing and submitting an
appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, has appointed counsel, and has been denied effective
assistance of counsel, then we further direct it to appoint new counsel to assist in the
prosecution of the appeal. The name, address, phone number, telefax number, and state
bar number of the new counsel who will represent appellant on appeal must also be
included in the court's findings of fact and conclusions of law. Furthermore, the trial court
shall also cause to be developed 1) a supplemental clerk's record containing the findings
of fact and conclusions of law and 2) a reporter's record transcribing the evidence and
argument presented at the aforementioned hearing. Additionally, the trial court shall cause
the supplemental clerk's record to be filed with the clerk of this court on or before March
19, 2004. Should additional time be needed to perform these tasks, the trial court may
request same on or before March 19, 2004.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).