NO. 07-03-0060-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 19, 2004

_____

JONATHAN RAY GRIFFIN, SR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 81858; HON. LEONARD GIBLIN, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Jonathan Ray Griffin, Sr. (appellant) appeals his conviction for manslaughter. Appellant's brief was due on December 4, 2003. However, one was not filed on that date. Instead, this court received, on December 8, 2003, a motion requesting that the deadline be extended for 60 days. Counsel sought to justify the extension by stating that he "had insufficient time to complete Appellant's brief due to his heavy hearing and trial schedule."

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

We extended the briefing deadline to January 12, 2004. No brief was filed on that date either. Instead, appellant again moved for another 60-day extension based upon the same grounds mentioned in his first motion. We again extended the deadline to February 11, 2004. Furthermore, in our letter informing appellant of the extension, we advised him and his counsel that failure to comply with this deadline may result in the appeal being abated and the cause remanded to the trial court for further proceedings per Texas Rule of Appellate Procedure 38.8(b)(2). February 11th passed, and appellant again filed no brief. As before, he sought, for the third time, an additional 60-day extension. The reason purportedly justifying it was no different from the others, *i.e.* counsel "had insufficient time to complete Appellant's brief due to his heavy hearing and trial schedule." Yet, the nature of this allegedly "heavy hearing and trial schedule" or the matter, number of cases, and the like comprising it has never been explained. This is of import for simply stating that one is too busy to attend to pending legal business does not justify delay. *Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex. App.–Dallas 1986, no writ).

Consequently, we deny the request for an additional extension of the deadline. So too do we abate this appeal and remand the cause to the 252nd District Court of Jefferson County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent and entitled to appointed counsel; and,

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L. Ed.2d

821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, has appointed counsel, and has been denied effective assistance of counsel, then we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before March 19, 2004. Should additional time be needed to perform these tasks, the trial court may request same on or before March 19, 2004.

It is so ordered.

Per Curiam

Do not publish.

3