NO. 07-08-0217-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 13, 2008
_____

ALLEN ALEXANDER NEWSOME, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 54,512-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Allen Alexander Newsome, appeals his conviction for the offense of aggravated sexual assault of a child and punishment of 75 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

After a timely notice of appeal on May 20, 2008, the reporter's record was filed on July 11 and the clerk's record was filed on July 25. Hence, appellant's brief was due to be filed on August 25. See Tex. R. App. P. 38.6(a). After no timely brief was filed, this Court

notified appellate counsel that "unless Appellant's brief was filed with this Court on or before September 15, 2008, this appeal will be abated and the cause remanded to the trial court for further proceedings without further notice."

Instead of filing a brief, on September 15, appellate counsel filed a First Motion for Extension of Time to File [Appellant's] Brief stating that "appellant's counsel has been involved in numerous other cases, trials and hearings." Although this Court granted the motion for extension, appellate counsel was notified that requests for subsequent extensions are not granted absent good cause. Further, this Court notified counsel that the normal press of business is generally not considered good cause. See Curry v. Clayton, 715 S.W.2d 77, 79 (Tex.App.–Dallas 1986, no writ). Appellant's brief was due to be filed on or before September 24.

On October 3, this Court notified appellate counsel that appellant's brief in this cause had not yet been received. This Court notified counsel the brief was due on or before October 13, 2008, and that the brief was to be accompanied by a Motion to Extend Time to File Appellant's Brief. Once again, this Court notified counsel that unless appellant's brief was filed as instructed, "this appeal will be abated and the cause remanded to the trial court for further proceedings without further notice."

On October 8, appellate counsel filed a Second Motion for Extension of Time to File Brief requesting until October 24 to file appellant's brief stating that "appellant's counsel has been involved in numerous other cases, trials and hearings." By letter dated October 9, this Court denied appellant's second motion for extension to file appellant's brief and

reiterated that the brief was due on October 13. Further, this Court notified counsel that unless the brief was filed by October 13, the appeal would be abated and remanded to the trial court. As of this date, appellant's brief has not been filed.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal;

2.  whether appellant has been denied effective assistance of counsel given the attorney's failure to file a timely brief.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and

3

the supplemental reporter's record with the Clerk of this Court by Monday, December 15, 2008.

It is so ordered.

Per Curiam

Do not publish.