NO. 07-08-0425-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 30, 2009

_____

ALFREDO PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-417,321; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following an open plea of guilty, Appellant, Alfredo Perez, was convicted by the trial court of murder. Punishment was assessed at confinement for life. The clerk's record was filed on December 12, 2008, but due to caseload, the reporter's record was not filed until May 5, 2009. Appellant's brief was due to be filed on June 4, 2009, but has yet to be filed.

*See* Tex. R. App. P. 38.6(a)(2). By letter dated June 16, 2009, this Court notified Appellant's appointed counsel, Maxwell C. Peck, III, of the defect and explained that failure to file the brief by June 29, 2009, would result in the appeal being abated and the cause remanded to the trial court for further proceedings. *See* Tex. R. App. P. 38.(b)(2) and (3). In response, counsel filed a motion for extension of time citing as good cause that he was drafting a Petition for Discretionary Review and "researching and preparing for two previously unscheduled and unanticipated pretrial hearings in [that] matter."[1] Notwithstanding the fact that counsel's motion failed to allege good cause, the motion was granted and the deadline in which to file the brief was extended to July 3, 2009. To date, the brief remains outstanding.

Given the information available to this Court, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall determine why counsel has failed to timely file Appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court on or before August 13, 2009.

Should counsel timely file the brief, he is directed to immediately notify the trial court, in writing, of the filing. If the trial court does not receive notification of the timely filing of Appellant's brief by the above-stated due date, pursuant to Rule 38.8(b)(2) and (3) of

---

[1]A request for extension of time due to an attorney's busy schedule, without more, is not sufficient to show good cause for permitting late filings. *Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex.App.–Dallas 1986, no writ).

the Texas Rules of Appellate Procedure, the trial court is directed to utilize whatever means necessary to determine the following:

1. whether Appellant still desires to prosecute this appeal;

2. whether Appellant's counsel has effectively abandoned this appeal given his failure to timely file Appellant's brief;

3. whether Appellant has been denied effective assistance of counsel; and

4. if Appellant's counsel has effectively abandoned this appeal or Appellant has been denied effective of counsel, whether Appellant is indigent and entitled to the appointment of new counsel;

On or before August 27, 2009, the trial court shall enter an order containing findings of fact and conclusions of law addressing each of these issues. In addition to filing that order, a copy of the same shall be forthwith delivered to the Clerk of this Court. Should it be determined that Appellant still desires to prosecute the appeal and has either retained new counsel or is entitled to the appointment of new counsel, said order shall contain the name, address, telephone number, and state bar number of the newly-retained or newly-appointed counsel. Finally, the trial court shall cause a supplemental clerk's record containing that order to be filed with this Court as soon as practicable.

It is so ordered.

Per Curiam

Do not publish.

3