NO. 07-10-0031-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 19, 2010

_____

DENNIS SALZIDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1123446D; HONORABLE GEORGE GALLAGHER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Dennis Salzido, was convicted by a jury of driving while intoxicated,[1] enhanced. Punishment was assessed at twenty-five years confinement.

_____
[1]Tex. Penal Code Ann. § 49.04 (Vernon 2003).

The appellate record was filed and Appellant's brief was originally due on March 18, 2010. When the brief was not filed, by letter dated March 25, 2010, this Court notified Appellant's appointed counsel, Richard Kline, of the defect. In response, on April 5, 2010, Appellant's counsel filed a motion for extension of time acknowledging that ignorance of "local rules" was a weak explanation for not knowing the brief's due date.[2] Appellant's counsel requested a sixty-day extension; however, this Court granted only thirty days, setting the new deadline at May 7, 2010. No brief was filed, and on May 11, 2010, Appellant's counsel filed a second motion for extension of time in which he cited the normal press of business as good cause and requested an additional thirty days.[3] Notwithstanding the lack of actual good cause, the request was granted, further extending the deadline to June 11, 2010. No brief was filed, and on June 14, 2010, Appellant filed a third motion for extension of time in which counsel explained he had attended a seminar which required a "complete re-work" of Appellant's brief. Counsel requested an extension until June 25, 2010 and provided that "[a]bsolutely no further extensions will be requested by Appellant." Again, this Court granted the extension, extended the deadline until June 25, 2010, and admonished that "[f]ailure to comply . . . may result in the appeal being abated and the cause remanded to the trial court for further proceedings." June 25th came and went, still no brief.

On July 6, 2010, Appellant filed a fourth motion for extension of time alleging as grounds:

---

[2]Briefing deadlines are not set by local rules. Rule 38.6(a) of the Texas Rules of Appellate Procedure governs the time in which an appellant's brief is due.

[3]The normal press of business is not generally considered good cause. *See Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex.App.--Dallas 1986, no writ).

[o]n Friday, June 25, as a diversion while finishing the Brief, Appellant's attorney decided to download Windows 7 operating system to up grade his software. For technical reasons, this required a custom download. Unbeknownst to this attorney, was that this custom download <u>would delete all of the data</u> on this attorney's computer, including all calendars, device drivers, documents (including appellant's brief) . . . . This has been exacerbated by the fact that this attorney's legal/administrative assistant has been on vacation all of this week.

In the fourth motion, counsel requested until Friday, July 9, 2010, in which to file the brief. That date has now passed and Appellant's counsel has still failed to file Appellant's brief. Accordingly, by Order of this Court, Appellant's Fourth Motion for Extension of Time to File Appellant's Brief is denied.

Given the information available to this Court, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately determine why counsel has failed to timely file Appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court on or before August 2, 2010.

Should counsel file Appellant's brief on or before August 2, 2010, he is directed to notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not timely filed, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to immediately conduct a hearing to determine the following:

1. whether Appellant desires to prosecute this appeal;

2. whether Appellant's counsel has effectively abandoned this appeal;

3

3. whether Appellant is indigent and entitled to the appointment of new counsel.

Should it be determined that Appellant does want to continue the prosecution of this appeal and the trial court determines he is entitled to new appointed counsel, the trial court shall appoint new appellate counsel and the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by September 2, 2010. Finally, newly appointed counsel shall file Appellant's brief within thirty days after the date of appointment.

It is so ordered.

Per Curiam

Do not publish.