NO. 07-10-0413-CR
NO. 07-10-0414-CR
NO. 07-10-0415-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 13, 2011

_____

BOBBY JOE LEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY;

NOS. 1181069D, 1181071D, & 1181073D; HONORABLE RUBEN GONZALEZ, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Bobby Joe Lee, was convicted by a jury of theft of property valued at $20,000 or more but less than $100,000, enhanced,[1] in cause numbers 1181069D and 118071D, and criminal mischief with a pecuniary loss of $100,000 or more but less than $200,000, enhanced,[2] in cause number 1181073D.

[1]Tex. Penal Code Ann. § 31.03(e)(5) (West Supp. 2010).

[2]Tex. Penal Code Ann. § 28.03 (b)(6) (West Supp. 2010).

The fifty year sentences imposed in each cause were ordered to run concurrently. Appellant's notices of appeal were timely filed on September 2, 2010, and following the filing of the appellate record, his briefs were originally due to be filed on January 26, 2011.

On January 28, 2011, Appellant's appointed counsel, Richard C. Kline, requested a sixty-day extension of time in which to file Appellant's brief citing as grounds his busy schedule.[3] An extension was granted to February 25, 2011, and counsel was advised that subsequent extensions would not be granted absent good cause. On February 28, 2011, counsel filed a second motion for extension of time reasonably explaining that in addition to his busy schedule, he had a legitimate personal reason for the request. A second extension was granted to March 31, 2011. After the new deadline passed, counsel filed a third motion for extension of time based not only on his trial schedule, but also on the fact that he was moving his personal residence. This Court granted yet another extension setting the new deadline at May 5, 2011. At that time counsel, was admonished that failure to comply with the deadline might result in the appeal being abated and the cause remanded to the trial court for further proceedings pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure.[4]

---

[3]The normal press of business is generally not considered good cause. *Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex.App.--Dallas 1986, no writ). This Court's guideline is to grant subsequent extensions for good cause.

[4]Notwithstanding that this appeal was transferred from the Second Court of Appeals, counsel is not unfamiliar with this Court's guidelines on motions for extensions of time. *See Salzido v. State*, No. 07-10-0031-CR, 2010 Tex.App. LEXIS 5658 (Tex.App.--Amarillo July 19, 2010, no pet.) (not designated for publication) (abating the appeal to the trial court after counsel filed a fourth request for an extension of time in which to file an appellant's brief).

After the May 5, 2011 deadline passed, counsel filed his *Fourth Motion for Extension of Time to File Appellant's Brief* explaining that he had filed a brief in the Second Court of Appeals on April 25, 2011, and was set for a murder trial beginning May 9, 2011. To date, Appellant's counsel has failed to file Appellant's brief.

By Order of this Court, Appellant's *Fourth Motion for Extension of Time to File Appellant's Brief* is denied.

We now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately determine why counsel has failed to timely file Appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court on or before June 20, 2011.

Should counsel file Appellant's brief on or before, June 6, 2011, he is directed to notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing to determine the following:

1. whether Appellant desires to prosecute the appeals;
2. whether Appellant's counsel has effectively abandoned the appeals given his failure to timely file the brief; and
3. whether Appellant has been denied effective assistance of counsel and is entitled to new appointed counsel.

Should it be determined that Appellant does want to continue these appeals and the trial court determines he is entitled to new appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the

3

Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by June 27, 2011. Finally, newly appointed counsel shall file Appellant's brief within thirty days after the date of appointment.

It is so ordered.


Per Curiam


Do not publish.