NO. 07-10-0413-CR

NO. 07-10-0414-CR

NO. 07-10-0415-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

MAY 13, 2011

 

______________________________

 

 

BOBBY JOE LEE, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 432ND DISTRICT COURT OF TARRANT
COUNTY;

 

NOS. 1181069D, 1181071D, & 1181073D; HONORABLE
RUBEN GONZALEZ, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            Following a plea of not guilty,
Appellant, Bobby Joe Lee, was convicted by a jury of theft of property valued
at $20,000 or more but less than $100,000, enhanced,[1] in
cause numbers 1181069D and 118071D, and criminal mischief with a pecuniary loss
of $100,000 or more but less than $200,000, enhanced,[2] in
cause number 1181073D.  The fifty year
sentences imposed in each cause were ordered to run concurrently.  Appellant's notices of appeal were timely
filed on September 2, 2010, and following the filing of the appellate record,
his briefs were originally due to be filed on January 26, 2011. 

            On January 28, 2011,
Appellant's appointed counsel, Richard C. Kline, requested a sixty-day
extension of time in which to file Appellant's brief citing as grounds his busy
schedule.[3]  An extension was granted to February 25,
2011, and counsel was advised that subsequent extensions would not be granted
absent good cause.  On February 28, 2011,
counsel filed a second motion for extension of time reasonably explaining that
in addition to his busy schedule, he had a legitimate personal reason for the
request.  A second extension was granted
to March 31, 2011.  After the new
deadline passed, counsel filed a third motion for extension of time based not
only on his trial schedule, but also on the fact that he was moving his
personal residence.  This Court granted
yet another extension setting the new deadline at May 5, 2011.  At that time counsel, was admonished that
failure to comply with the deadline might result in the appeal being abated and
the cause remanded to the trial court for further proceedings pursuant to Rule
38.8(b)(2) of the Texas Rules of Appellate Procedure.[4]

            After the May 5, 2011
deadline passed, counsel filed his Fourth
Motion for Extension of Time to File Appellant's Brief explaining that he
had filed a brief in the Second Court of Appeals on April 25, 2011, and was set
for a murder trial beginning May 9, 2011. 
To date, Appellant's counsel has failed to file Appellant's brief. 

            By Order of this Court,
Appellant's Fourth Motion for Extension
of Time to File Appellant's Brief is denied.

We now abate this appeal and remand the cause to the trial
court for further proceedings.  Upon
remand, the trial court shall immediately determine why counsel has failed to
timely file Appellant=s brief and take such action as is
necessary to ensure that the brief is filed with the Clerk of this Court on or
before June 20, 2011.

Should counsel file Appellant's brief on or before, June 6,
2011, he is directed to notify the trial court, in writing, of the filing,
whereupon the trial court shall not be required to take further action.  If, however, the brief is not filed by that
date, pursuant to Rule 38.8(b)(2) and (3) of the Texas
Rules of Appellate Procedure, the trial court is directed to conduct a hearing
to determine the following: 

1.           
whether Appellant
desires to prosecute the appeals;

2.           
whether
Appellant=s counsel has effectively abandoned
the appeals given his failure to timely file the brief; and

3.           
whether
Appellant has been denied effective assistance of counsel and is entitled to
new appointed counsel.

 

Should it be determined that Appellant does want to continue these appeals
and the trial court determines he is entitled to new appointed counsel, the
name, address, telephone number, and state bar number of the newly-appointed
counsel shall be provided to the Clerk of this Court.  The trial court shall execute findings of
fact and conclusions of law, and shall cause its findings, conclusions and any
necessary orders to be included in a supplemental clerk's record to be filed with
the Clerk of this Court by June 27, 2011. 
Finally, newly appointed counsel shall file Appellant's brief within
thirty days after the date of appointment. 

It is so ordered.

 

Per Curiam

Do not publish.

 

 

 

 

                                                                                    

 

 











[1]Tex.
Penal Code Ann. § 31.03(e)(5) (West Supp. 2010).

 





[2]Tex.
Penal Code Ann. § 28.03 (b)(6) (West Supp. 2010).

 





[3]The
normal press of business is generally not considered good cause.  Curry v. Clayton, 715 S.W.2d 77, 79 (Tex.App.--Dallas 1986, no
writ).  This Court's guideline is
to grant subsequent extensions for good cause.

 





[4]Notwithstanding
that this appeal was transferred from the Second Court of Appeals, counsel is
not unfamiliar with this Court's guidelines on motions for extensions of
time.  See Salzido v. State, No. 07-10-0031-CR,
2010 Tex.App. LEXIS 5658 (Tex.App.--Amarillo July 19, 2010, no
pet.) (not designated for publication) (abating
the appeal to the trial court after counsel filed a fourth request for an
extension of time in which to file an appellant's brief).