NO. 07-10-0331-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 20, 2011
_____

BRENTON W. SHADDEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-420688; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following pleas of not guilty, Appellant, Brenton W. Shadden, was convicted by a jury of one count of aggravated assault with a deadly weapon, a second degree felony, and one count of aggravated assault on a public servant, a first degree felony.[1] Punishment was assessed by the trial court at ten years confinement on each count, ordered to run concurrently. Notice of appeal was filed on August 13, 2010, and

_____

[1]Tex. Penal Code Ann. §§ 22.02(a)(2) and 22.02(b)(2)(B) (West Supp. 2010).

following the filing of the appellate record, Appellant's brief was originally due to be filed on February 9, 2011.

By notice dated February 18, 2011, Appellant's appointed counsel, Maxwell C. Peck, was advised that Appellant's brief had not been filed and was directed to file the brief no later than February 28, 2011. Instead, counsel filed a motion for extension of time requesting only twenty days in which to file the brief explaining as grounds his case load, being out of town and the closing of his private practice. An extension was granted to March 11, 2011, noting that subsequent extensions would not be considered absent good cause.[2]

After the March 11, 2011 deadline passed, counsel was again advised that the brief had not been filed and was given until April 1, 2011, in which to do so. Counsel was further advised that failure to comply might result in abatement of the appeal and a remand of the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Once again, counsel failed to timely file the brief and instead filed a second motion for extension of time citing his case load as grounds. This Court generously granted an extension to May 11, 2011, in which to file Appellant's brief.

The May 11, 2011 deadline has now passed and counsel has not communicated with this Court regarding this appeal. Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court

---

[2]*See Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex.App.--Dallas 1986, no writ) (generally, the normal press of business is not considered good cause).

2

shall use whatever means necessary to immediately determine why counsel has failed to timely file Appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court.

Should counsel file Appellant's brief on or before, June 6, 2011, he is directed to notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing (irrespective of whether Appellant's counsel subsequently files a brief), on or before June 20, 2011, to determine the following:

1.   whether Appellant desires to prosecute the appeal;

2.   whether Appellant's counsel has effectively abandoned the appeal given his failure to timely file a brief;

3.   whether Appellant has been denied effective assistance of counsel and is entitled to new appointed counsel; and

4.   whether Appellant's counsel's failure to comply with the Rules of Appellate Procedure and the directives of this Court raises a substantial question as to counsel's honesty, trustworthiness, or fitness as a lawyer. *See* Tex. Code Jud. Conduct, Canon 3(D)(1), *reprinted* in Tex. Gov't Code Ann., tit. 2, subtit. G, app. B (West 2005).

Should it be determined that Appellant does want to prosecute this appeal and the trial court determines he is entitled to new appointed counsel, the trial court shall immediately provide to the Clerk of this Court the name, address, telephone number, and state bar number of the newly-appointed counsel. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the

3

Clerk of this Court by July 8, 2011. Finally, newly appointed counsel shall file Appellant's brief within thirty days after the date of appointment.

It is so ordered.

Per Curiam

Do not publish.