NO. 07-11-0136-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 5, 2011

_____

LOSARO SANDOVAL, JR. AKA LASARO SANDOVAL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,915-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Losaro Sandoval, Jr. a/k/a Lasaro Sandoval, Jr., was convicted by a jury of aggravated assault with a deadly weapon, enhanced and sentenced to fifty years confinement.[1]  Sentence was imposed on November 17, 2005.  By opinion dated May 16, 2006, in cause number 07-06-0187-CR, this Court dismissed Appellant's attempt to

_____

[1]*See* Texas Penal Code Ann. §§ 12.42(d) & 22.02(a)(2) (West 2011).

appeal his conviction because no notice of appeal was ever filed. Appellant filed a writ of habeas corpus asserting he was denied his right of appeal. On March 9, 2011, the Texas Court of Criminal Appeals granted him an out-of-time appeal. On April 8, 2011, John Bennett was appointed by the trial court to prosecute Appellant's appeal. The appellate record has been filed. Appellant's brief was originally due to be filed on July 18, 2011. Two extensions in which to file the brief have been granted extending the deadline to September 16, 2011. The brief has yet to be filed and counsel for Appellant has now filed a *Motion to Withdraw from Representation*, *or in the Alternative*, *Motion to Extend Time to File Appellant's Brief by Sixty Days*. As grounds for the motion, counsel cites an extremely busy work schedule.

This Court is not inclined to grant another lengthy extension in which to file Appellant's brief.[2] Additionally, this Court is without authority to grant court-appointed counsel's request to withdraw. The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. *See* Tex. Code Crim. Proc. Ann. art. 1.051(d) (West Supp. 2010). *See also Enriquez v. State*, 999 S.W.3d 906, 907 (Tex.App.--Waco 1999, no pet.). Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. *See Enriquez*, 999 S.W.2d at 908. *See also* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2010).

Considering that Appellant's counsel was appointed by the trial court, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon

---

[2]This Court does not consider a busy work schedule as good cause for granting a subsequent motion to extend the time to file a brief. *See Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex.App.--Dallas 1986, no writ).

2

remand, the trial court shall utilize whatever means necessary to determine the following:

(1) whether good cause exists upon which to grant appointed counsel's motion to withdraw and, if so,

(2) whether Appellant still desires to prosecute this appeal and is indigent and entitled to new appointed counsel.

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to new appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before October 24, 2011. Finally, newly appointed counsel shall file Appellant's brief within thirty days after the date of appointment.

It is so ordered.

Per Curiam

3