NO. 07-11-0444-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 29, 2011

_____

DERRICK LYNN LEWIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 27TH DISTRICT COURT OF BELL COUNTY;

NO. 63971; HONORABLE JOE CARROLL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Derrick Lynn Lewis, was convicted of capital murder and punishment was assessed at life without parole. On March 7, 2011, Appellant filed his notice of appeal. The appellate record has been filed and Appellant's brief was originally due on August 17, 2011. After the Eleventh Court of Appeals granted two extensions of time in which to file Appellant's brief, the brief was due on October 10, 2011. As grounds for the first two requests for extensions, counsel cited

his work schedule as well as the transfer of this appeal from the Third Court of Appeals to the Eleventh Court of Appeals.[1] The appeal was then transferred to this Court.[2] The brief remained outstanding and by letter dated October 28, 2011, the Clerk of this Court advised Appellant's counsel that the brief had not been filed and set a deadline of November 7, 2011, in which to do so together with a *Motion to Extend Time to File Appellant's Brief.* Counsel was cautioned that failure to timely file the brief and motion would result in abatement of the appeal and remand of the cause to the trial court without further notice pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. In response, on November 4, 2011, instead of filing Appellant's brief, counsel filed a third *Motion to Extend Time to File Appellant's Brief* citing "an unusually heavy caseload."[3]

By letter dated November 7, 2011, the request for a third extension was denied; however, counsel was given until November 17, 2011, in which to file the brief with the unequivocal admonishment that failure to comply would result in abatement and remand. Notwithstanding this Court's letters of October 28 and November 7, counsel filed a fourth *Motion to Extend Time to File Appellant's Brief* requesting additional time to prepare the brief. As grounds, counsel asserts that he needs additional time to

---

[1]This appeal was originally transferred from the Third Court of Appeals to the Eleventh Court of Appeals by an order of the Texas Supreme Court pursuant to its docket equalization efforts. Tex. Gov't Code Ann. § 73.001 (West 2005).

[2]This appeal was subsequently transferred from the Eleventh Court of Appeals to this Court by an order of the Supreme Court due to the earlier transfer of a companion case from the Third Court of Appeals to the Seventh Court of Appeals.

[3]This Court does not grant requests for subsequent extensions absent good cause. The normal press of business is not considered good cause. *See Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex.App.--Dallas 1986, no writ).

prepare a new point of error which was raised in the brief of Appellant's co-defendant, Andre Hamilton, but which had not previously occurred to counsel.

By Order of the Court, Appellant's fourth *Motion to Extend Time to File Appellant's Brief* is denied. Instead, we now abate this appeal and remand the cause to the trial court to determine the following:

1. whether Appellant desires to prosecute the appeal;
2. whether Appellant has been denied effective assistance of counsel given counsel's failure to timely file the brief; and
3. whether Appellant is entitled to new appointed counsel.

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to new appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by December 16, 2011. Finally, newly appointed counsel shall file Appellant's brief within thirty days after the date of appointment.

It is so ordered.

Per Curiam

Do not publish.

3