NO. 07-11-00222-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 2, 2011

---

MICHAEL ANTHONY PENA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2871; HONORABLE KELLY G. MOORE, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Michael Anthony Pena, was convicted by a jury of driving while intoxicated with a child passenger,[1] and sentenced to two years confinement which was suspended while appellant was placed on community supervision for a period of four years.  Appellant timely filed notice of appeal.  Appellant's appointed trial counsel filed a motion to withdraw, which was granted by the trial court.  On May 25, 2011, the trial court appointed John Bennett to prosecute appellant's appeal.  The clerk's record was filed on September 2, and the reporter's record was filed on September 9.  Appellant's brief was originally due to be filed on October 10.  See TEX. R. APP. P.

---

[1] See TEX. PENAL CODE ANN. § 49.045 (West 2011).

38.6(a). On October 4, appellant requested an extension of time to file the brief due to Bennett's extremely busy work schedule. This request was granted extending the deadline to November 9. On November 9, appellant again requested an extension of time to file the brief due to Bennett's extremely busy workload. This second request was denied, and appellant was notified that, if the brief was not filed by November 28, the appeal may be abated and remanded to the trial court. On November 28, appellant filed a Motion to Extend Time to File the Appellant's Brief by Sixty Days, or in the Alternative, Motion to Withdraw as Counsel. As grounds for the motion, counsel again cites an extremely busy work schedule.

As evidenced by the denial of appellant's last request for extension of time to file the brief, this Court is not inclined to grant appellant another lengthy extension of time to file Appellant's brief.[2]   Additionally, this Court is without authority to grant court-appointed counsel's request to withdraw. It is the trial court that has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. See TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04 (West Supp. 2011); Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.--Waco 1999, no pet.). Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. See TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2); Enriquez, 999 S.W.2d at 908.

Considering that appellant's counsel was appointed by the trial court, we now abate this appeal and remand the cause to the trial court for further proceedings. See

---

[2] This Court does not consider a busy work schedule to constitute good cause for granting repeated motions to extend the time to file a brief. See Curry v. Clayton, 715 S.W.2d 77, 79-80 (Tex.App.--Dallas 1986, no writ).

TEX. R. APP. P. 38.8(b)(2).  Upon remand, the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether good cause exists upon which to grant appointed counsel's motion to withdraw; (2) if so, whether appellant still desires to prosecute this appeal and is indigent and, therefore, is entitled to new appointed counsel; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.  If the trial court determines that the present attorney for appellant should be replaced, the trial court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before January 3, 2012.  Further, the trial court shall cause the hearing proceedings to be transcribed and included in a supplemental reporter's record to be filed with the Clerk of this Court on or before January 3, 2012.  See TEX. R. APP. P. 38.8(b)(3).  Finally, if new counsel is appointed to represent appellant in this appeal, counsel shall file appellant's brief within thirty days after the date of appointment.

It is so ordered.

Per Curiam

Do not publish.