NO. 07-11-0136-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 6, 2011

_____

LOSARO SANDOVAL, JR. AKA LASARO SANDOVAL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,915-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER DENYING MOTION
AND
SECOND ABATEMENT AND REMAND**

Appellant, Losaro Sandoval, Jr. a/k/a Lasaro Sandoval, Jr., was convicted by a jury of aggravated assault with a deadly weapon, enhanced and sentenced to fifty years confinement.[1]  Sentence was imposed on November 17, 2005.  By opinion dated May 16, 2006, in cause number 07-06-0187-CR, this Court dismissed Appellant's attempt to

_____

[1]*See* Tex. Penal Code Ann. §§ 12.42(d) & 22.02(a)(2) (West 2011).

appeal his conviction because no notice of appeal was ever filed. Appellant filed a writ of habeas corpus asserting he was denied his right of appeal. On March 9, 2011, the Texas Court of Criminal Appeals granted him an out-of-time appeal.

On April 8, 2011, John Bennett was appointed by the trial court to prosecute Appellant's appeal. The appellate record was filed and Appellant's brief was originally due to be filed on July 18, 2011. On August 3, 2011, Appellant's counsel filed Appellant's first motion for an extension of time to file Appellant's brief, requesting that he be granted until August 17, 2011 to file the brief. That motion was granted and the deadline was extended until August 17, 2011.

On August 18, 2011, Appellant's counsel filed Appellant's second motion for an extension of time to file Appellant's brief, requesting that he be granted until September 16, 2011 to file the brief. That motion was granted and the deadline was extended until September 16, 2011.

On September 26, 2011, Appellant's counsel filed his *Motion to Withdraw from Representation*, *or in the Alternative*, *Motion to Extend Time to File Appellant's Brief by Sixty Days,* alternatively requesting that he be granted until November 15, 2011, to file the brief. In response, on October 5, 2011, this Court abated this appeal and remanded the cause to the trial court to determine whether good cause existed upon which to grant counsel's motion to withdraw. On October 21, 2011, the trial court filed *Findings of Fact and Conclusions of Law* wherein it found that good cause did not exist for the substitution of counsel.

On November 30, 2011, again reciting his busy work schedule, Appellant's counsel filed Appellant's fourth motion for an extension of time to file Appellant's brief, now requesting that he be granted until December 28, 2011, to file the brief. Given the history of this case, this Court is not inclined to grant another extension in which to file Appellant's brief.[2] The motion is **DENIED**. Appellant's brief is **PAST DUE**.

Consequently, we again abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court is directed to conduct a hearing (irrespective of whether Appellant's counsel subsequently files a brief), on or before December 16, 2011, to determine the following:

1.  whether Appellant's counsel has effectively abandoned the appeal given his failure to timely file a brief;

2.  whether Appellant has been denied effective assistance of counsel and is entitled to new appointed counsel; and

3.  whether Appellant's counsel's failure to comply with the Rules of Appellate Procedure and the directives of this Court raises a substantial question as to counsel's honesty, trustworthiness, or fitness as a lawyer. *See* Tex. Code Jud. Conduct, Canon 3(D)(1), *reprinted* in Tex. Gov't Code Ann., tit. 2, subtit. G, app. B (West 2005).

Should it be determined that Appellant does want to prosecute this appeal and the trial court determines he is entitled to new appointed counsel, the trial court shall immediately provide to the Clerk of this Court the name, address, telephone number, and state bar number of the newly-appointed counsel. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and

---

[2]This Court does not consider a busy work schedule as good cause for granting a subsequent motion to extend the time to file a brief. *See Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex.App.--Dallas 1986, no writ).

any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by January 16, 2012. Finally, if new counsel is appointed, Appellant's brief shall be due thirty days after the date of appointment.

It is so ordered.

Per Curiam

Do not publish.