

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00049-CR

**JAMES ALFRED JARRETT JR.,**

                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                **Appellee**

---

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. F47817**

---

## ABATEMENT ORDER

---

In this case, appellant, James Alfred Jarrett Jr., was convicted of three counts of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). The Clerk's and Reporter's Records were filed on February 22, 2016 and July 5, 2016, respectively.[1] Pursuant to Texas Rule of Appellate Procedure 38.6(a), appellant's brief

---

[1] As indicated in a June 2, 2016 motion for extension of time filed by the Court Reporter, the delay in the filing of the Reporter's Record was attributable to appellant's failure to make arrangements to pay for the Reporter's Record. Apparently, arrangements to pay for the Reporter's Record were eventually made, and the Reporter's Record was filed on July 5, 2016.

was due within thirty days of July 5, 2016.  *See* TEX. R. APP. P. 38.6(a).  We have granted

appellant multiple extensions of time, yet we still have not received appellant's brief in

this matter.  In granting his last extension, we ordered appellant's retained counsel, Wm.

Reagan Wynn, to file appellant's brief by December 1, 2016.  This deadline has passed,

and we have received no response from appellant.

On December 21, 2016, we abated and remanded this matter to the trial court to

conduct a hearing to:  (1) determine whether appellant wishes to proceed with the appeal;

and (2) determine whether appellant is receiving effective assistance of counsel.

According to the Supplemental Reporter's Record received by this Court on January 23,

2017, the trial court conducted a hearing on our abatement order on January 10, 2017.  At

the January 10, 2017 hearing, counsel for appellant indicated that he would "get this brief

filed early next week."  The trial court ultimately concluded that appellant wishes to

proceed with this appeal and that he is receiving effective assistance of counsel.

Despite counsel's assertion that he would file appellant's brief "early next week"

after the January 10, 2017 hearing, no such filing has occurred.  As noted earlier, we have

generously granted appellant's counsel numerous extensions to file appellant's brief.

Appellant's brief is now more than 220 days late.  *See* TEX. R. APP. P. 38.6(a) (providing

that appellant must file his brief within *thirty days* after the later of the date the Clerk's

Record or Reporter's Record was filed).  We find that counsel has been dilatory in

fulfilling his responsibility to timely file the brief.[2]  *See, e.g., Sanchez v. State*, No. 07-08-0356-CR, 2009 Tex. App. LEXIS 7509, at \*7 (Tex. App.—Amarillo Sept. 25, 2009, order) (not designated for publication).  Consequently, we reinstate this appeal and again abate and remand the appeal to the trial court for further proceedings.

Upon remand, the trial court shall use whatever means necessary to determine why appellate counsel has failed to timely file appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court on or before March 31, 2017.  If counsel does not file appellant's brief on or before March 31, 2017, (i.e., even if a brief is filed after that date), pursuant to Texas Rules of Appellate Procedure 38.8(b)(2) and (3), the trial court shall immediately conduct a hearing to determine the following: (1) whether appellant still desires to prosecute this appeal; (2) whether appellant is indigent; (3) why appellate counsel has failed to file a brief and whether counsel has effectively abandoned this appeal given his failure to timely file appellant's brief; and (4) whether appellant has been denied effective assistance of counsel.  TEX. R. APP. P. 38.8(b)(2)-(3); *see Sanchez*, 2009 Tex. App. LEXIS 7509, at \*\*7-8.

On or before April 21, 2017, the trial court shall enter an order containing findings of fact and conclusions of law addressing each of these issues.  In addition to filing that

---

[2] *See, e.g., Griffin v. State*, No. 07-03-0060-CR, 2004 Tex. App. LEXIS 1687, at \*2 (Tex. App.—Amarillo Feb. 19, 2004, order) (not designated for publication) ("[S]imply stating that one is too busy to attend to pending legal business does not justify delay." (citing *Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex. App.—Dallas 1986, no writ)).

order, a copy of the same shall be forthwith delivered to the Clerk of this Court.  Finally,

the trial court shall cause a Supplemental Clerk's Record containing that order to be filed

with the Clerk of this Court as soon as practicable.

PER CURIAM

Before Chief Justice Gray,
   Justice Davis, and
   Justice Scoggins
Appeal abated
Opinion delivered and filed March 15, 2017
Do not publish

